IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDEN GULLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-4425 |
| | ) | |
| CHICAGO STATE UNIVERSITY by | ) | |
| and through the Board of Trustees (in | ) | |
| their official and individual capacities); | ) | |
| ZALDWAYNAKA SCOTT, in her official | ) | |
| and individual capacity; MATTHEW FETE, | ) | |
| in his official and individual capacity; | ) | Honorable Andrea R. Wood |
| ANTOINE JENKINS, in his official and | ) | |
| individual capacity; VICKY SHAH, in his | ) | |
| official and individual capacity; LALITA | ) | |
| PRASAD-REDDY, in her official capacity | ) | |
| and individual capacity; ALLISON ROSE, | ) | |
| in her official and individual capacity; and | ) | |
| MOHAMMAD NEWAZ in his official and | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants Chicago State University ("CSU" or the "University"), Zaldwaynaka Scott, Matthew Fete, Antoine Jenkins, Vicky Shah, Lalita Prasad-Reddy, Allison Rose, and Mohammad Newaz (the "Individual Defendants") (collectively, "Defendants"), by and through their counsel, submit this Motion to Dismiss Plaintiff's Complaint ("Motion").

1. Plaintiff attempts to assert seven causes of action against Defendants, including violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq.* ("Section 504") (Count I); violations of his right to due process and equal protection under the U.S. Constitution, brought pursuant to 42 U.S.C. § 1983 ("Section 1983") (Counts II and III); violations of his right to due process and equal protection under Article I, Section II of the Illinois

HB: 4881-7562-8347.2

Constitution (Count IV); breach of contract (Count V); negligence (Count VI), and negligent infliction of emotional distress ("NIED") (Count VII).

2. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Plaintiff's Complaint does not do so.

3. Plaintiff's claim that Defendants violated the Rehabilitation Act (Count I)[1] should be dismissed. First, regarding the claims against the Individual Defendants, the Rehabilitation Act does not provide for individual liability as a matter of law and therefore there is no basis for claims against the Individual Defendants. *See Brewer v. Wisconsin Bd. of Bar Examiners*, 270 Fed. App'x 418, 421 (7th Cir. 2008). Second, regarding Plaintiff's claims against the University, Plaintiff fails (1) to allege he is disabled under the Rehabilitation Act's standard, (2) to allege he is otherwise-qualified under the Rehabilitation Act, and (3) to allege that he was excluded based on his disability. *See Yates v. John Marshall L. Sch.*, No. 08 C 4127, 2009 WL 1309516, at *5 (N.D. Ill. May 11, 2009); *Khan v. Midwestern Univ.*, 879 F.3d 838, 844 (7th Cir. 2018), *as amended on denial of reh'g* (Feb. 26, 2018), and *Thurmon v. Mt. Carmel High Sch.*, 191 F. Supp. 3d 894, 898 (N.D. Ill. 2016). Each of these independently warrant dismissal of Count I.

4. Plaintiff's claims under the U.S. Constitution pursuant to Section 1983 (Counts II and III) and under the Illinois Constitution (Count IV) should also be dismissed because (1) Section 1983 claims can only be brought against persons, and the state and state officials acting in their official capacities are not persons under Section 1983, *see Will v. Mich. Dep't of State Police*, 491

---

[1] Although Count I is captioned "Section 504 of the Rehabilitation Act," Plaintiff also references Title II of the Americans with Disabilities Act (the "ADA"). Compl. ¶ 71. To the extent Count I includes ADA claims, they should be dismissed for the same reasons as Plaintiff's Rehabilitation Act claims because claims under Title II of the ADA and Rehabilitation Act claims are "functionally identical." *Wagoner v. Lemmon*, 778 F. 3d 586 (7th Cir. 2015). Additionally, CSU is also entitled to sovereign immunity under the ADA. *See Brewer*, 270 F. App'x at 421.

U.S. 58, 71 (1989); (2) CSU and the Individual Defendants in their official capacities are entitled to sovereign immunity, *see Haynes v. Ind. Univ.*, 902 F.3d 724, 731-32 (7th Cir. 2018); (3) the Individual Defendants in their individual capacities are entitled to qualified immunity, *D.C. v. Wesby*, 583 U.S. __, 138 S. Ct. 577, 589 (2018); (4) Plaintiff fails to state an equal protection claim, *Despard v. Bd. of Trs. of Ind. Univ.*, No. 1:14-CV-1987-WTL-DML, 2015 WL 4946112, at *5 (S.D. Ind. Aug. 18, 2015); and (5) Plaintiff fails to state a due process claim, *see Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 601 (7th Cir. 2009).

5. Plaintiff's breach of contract claim (Count V) should be dismissed against the Individual Defendants because Plaintiff fails to allege a contractual relationship with them. Plaintiff's breach of contract claim against the University should be dismissed because he fails to identify any specific contractual provision that was allegedly breached and fails to allege that Defendants acted arbitrarily, capriciously, or in bad faith as is required in breach of contract claims filed by students against universities. *See Raethz v. Aurora Univ.*, 346 Ill. App. 3d 728, 732 (Ill. Ct. App. 2004).

6. Plaintiff's negligence claim (Count VI) should be dismissed because Plaintiff fails to plead a duty under Illinois law, instead alleging educational malpractice, which is not a cognizable claim in Illinois, and a failure to follow university policies, which does not create a legal duty. *See Waugh v. Morgan Stanley*, 966 N. E. 2d 540, 554 (Ill. Ct. App. 2012), and *Rhodes v. Ill. Cent. Gulf R.R.*, 665 N.E.2d 1260, 1272 (Ill. 1996). Plaintiff also fails to plead breach or proximate causation.

7. Plaintiff's claim of NIED (Count VII) should be dismissed because Plaintiff does not allege that he sustained any physical impact due to the alleged negligence, a requirement under Illinois law. *See e.g. Schweihs v. Chase Home Fin.*, 77 N.E. 3d 50, 59 (Ill. 2016).

**CONCLUSION**

For these reasons, and as discussed in greater detail in the Defendants' accompanying Memorandum in Support of Their Motion to Dismiss, the Court should dismiss Plaintiff's Complaint against the Defendants, with prejudice, in its entirety.

Respectfully submitted,

/s/ Lisa J. Parker

LISA J. PARKER
JOHN W. BORKOWSKI
MARY E. DEWEESE
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 526-1634 (TEL) | (312) 655-1501 (FAX)
lisa.parker@huschblackwell.com
john.borkowski@huschblackwell.com
mary.deweese@huschblackwell.com

***Attorneys for Chicago State University***

HB: 4881-7562-8347.2

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused the foregoing document to be filed with the Clerk of the court using the CM/ECF system, which will send electronic notification to all registered counsel of record as follows, on this 28th day of October 2022:

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan, 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

*Attorney for Plaintiff*

/s/ Lisa J. Parker
***Attorney for Chicago State University***

HB: 4881-7562-8347.2