# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRANDEN GULLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-4425 |
| | ) | |
| CHICAGO STATE UNIVERSITY by and through the Board of Trustees (in their official and individual capacities); ZALDWAYNAKA SCOTT, in her official and individual capacity; MATTHEW FETE, in his official and individual capacity; ANTOINE JENKINS, in his official and individual capacity; VICKY SHAH, in his official and individual capacity; LALITA PRASAD-REDDY, in her official capacity and individual capacity; ALLISON ROSE, in her official and individual capacity; and MOHAMMAD NEWAZ in his official and individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Andrea R. Wood |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

FACTS ALLEGED .................................................................................................................... 1
ARGUMENT .............................................................................................................................. 3
    I.    Standard of Review ................................................................................................ 3
    II.    Plaintiff's Rehabilitation Act Claim (Count I) Must Be Dismissed ..................... 4
        A.    Plaintiff is not disabled within the meaning of the Rehabilitation Act. ...................... 4
        B.    Plaintiff is not otherwise-qualified. ................................................................ 5
        C.    Plaintiff was not excluded on the basis of his disability ............................... 6
    III.    Plaintiff's Constitutional Claims (Counts II-IV) Must Be Dismissed. .............. 8
        A.    Defendants are entitled to sovereign immunity. ............................................ 8
        B.    Defendants are entitled to qualified immunity. ............................................. 8
        C.    Plaintiff fails to state an equal protection claim. .......................................... 9
        D.    Plaintiff fails to state a due process claim. .................................................. 10
            1.    Plaintiff has not alleged a property interest. ............................................ 10
            2.    Plaintiff has not alleged a liberty interest. ............................................... 11
            3.    Plaintiff received constitutionally-sufficient process ............................. 11
    IV.    Plaintiff's State Law Claims (Counts V-VII) Must be Dismissed. .................. 12
        A.    Defendants are Immune from Suit in Federal Court on the State Law Claims. ......... 12
        B.    Plaintiff's Breach of Contract Claim Must Be Dismissed. ......................... 13
            1.    Plaintiff fails to identify the contract or how it was breached. ............... 13
            2.    Plaintiff fails to allege that CSU acted arbitrarily, capriciously, or in bad faith ..... 13
        C.    Plaintiff's Negligence Claim Must Be Dismissed. ..................................... 14
        D.    Plaintiff's Negligent Infliction of Emotional Distress Claim Must Be Dismissed..... 15
Conclusion ................................................................................................................................ 15
CERTIFICATE OF SERVICE ................................................................................................. ii

The Doctor of Pharmacy program at Chicago State University ("CSU" or the "University") is necessarily rigorous. When Plaintiff twice failed a pharmacy course, he was dismissed from the University. He now seeks to challenge that dismissal, but his Complaint provides no grounds for doing so. Although Plaintiff alleges he has ADHD, he does not allege that he ever sought accommodations for his disability from the University. Although he alleges his dismissal was in violation of his constitutional and contractual rights, he fails to identify any contractual provision giving rise to such rights. Most significantly, however, his allegations themselves make clear that his poor academic performance and dismissal from the University were *not* due to any disability and that he was provided all the process to which he was entitled.

Plaintiff brought a lawsuit against the University and seven Individual Defendants[1] in their individual and official capacities. For the reasons that follow, the Court should dismiss each of Plaintiff's claims—Count I for disability discrimination in violation of the Rehabilitation Act and the Americans with Disabilities Act; Counts II, III, and IV for violations of his right to due process and equal protection under the U.S. and Illinois constitutions; Count IV for breach of contract; Count VI for negligence; and Count VII for negligent infliction of emotional distress ("NIED")—pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) with prejudice.

**FACTS ALLEGED**

Plaintiff enrolled in the Doctor of Pharmacy program at CSU's College of Pharmacy in August 2017 (the "Program"). Compl. ¶¶ 17-18. Plaintiff has ADHD and "at least some persons at CSU were aware of his condition." *Id.* at ¶ 24. He does not plead that he requested accommodations for his ADHD at any time. Plaintiff "often earned A's in his course work and had never failed a course" prior to his third year (the "P3 year"). *Id.* at ¶¶ 18, 22, 26, 38-39.

---

[1] The Individual Defendants are Zaldwaynaka Scott, Matthew Fete, Antoine Jenkins, Vicky Shah, Lalita Prasad-Reddy, Allison Rose, and Mohammad Newaz.

1

In the spring semester of 2020, his P3 year, Plaintiff was enrolled in a course titled "DMTM2," taught by Professor Antoine Jenkins. *Id.* at ¶ 26. Students were required to complete five assignments, two exams, and one class presentation in the course. *Id.* at ¶ 27. The exams were taken using "ExamSoft" software. *Id.* ¶ 31. According to Plaintiff, Professor Jenkins routinely canceled class and raised his voice at other students. *Id.* at ¶¶ 28-29.

Plaintiff received a failing grade on one of the DMTM2 exams. *Id.* at ¶ 34. He alleges this occurred because he wrote mathematical equations on scratch paper, rather than within ExamSoft. *Id.* at ¶¶ 32, 34-35. Plaintiff alleges that due to his ADHD, he had to "write out" the equations in order to "maintain focus." Id. at ¶ 36. He does not allege that he informed Professor Jenkins of this at any time, although on previous exams, it was "customary" to write equations on scratch paper and no points were deducted for doing so. *Id.* at ¶¶ 35, 37. Although Professor Jenkins initially "awarded credit" for questions which required "diabetes calculations," three weeks later he "removed the diabetes questions from the examination scores." *Id.* at ¶¶ 37-38.[2] Without the credit from these "diabetes questions," Plaintiff's exam score changed to a failing grade. *Id.* at ¶ 38. Plaintiff intended to seek an "examination review" in order to request that the deducted points be returned to him. *Id.* at ¶ 39. However, "the panel of professors" who were supposed to sit for the exam review failed to appear. *Id.*[3] Plaintiff ultimately failed the course.

Plaintiff grieved his failing grade. *Id.* at ¶ 40. He does not state the outcome of the grievance, but it presumably was denied. He then filed an appeal. *Id.* at ¶ 41. According to Plaintiff, Allison Rose "failed to process the appeal" in a manner consistent with (unidentified) "CSU policy and procedure." *Id.* at ¶ 42. Plaintiff states he was not allowed the assistance of an

---

[2] It appears from the Complaint that Professor Jenkins removed these questions from *all* students' exam scores, thereby decreasing the total points earned and the total points available. Compl. ¶¶ 37-38.
[3] It appears from Plaintiff's Complaint that this was not an examination review specific to his exam, but rather a general Program-wide exam review period which was planned but not held. *Id.* at ¶ 39.

attorney or advisor in his appeal. *Id.* at ¶¶ 45, 47. He alleges this was in breach of "CSU's policies and procedures." *Id.* at ¶ 47. Plaintiff's appeal was dismissed as untimely. *Id.* at ¶ 44.

As a result of failing DMTM2, Plaintiff repeated his P3 year for the 2020-2021 school year. *Id.* at ¶ 48.[4] He again took DMTM2 in the second semester of that year. *Id.* at ¶ 49. The course was taught by Professor Jenkins and Professor Vicky Shah. *Id.* Plaintiff "successfully completed all assignments up until the second examination" and "scored higher than the [class] average" of 40-50% "on both class examinations." *Id.* at ¶¶ 51-52. After an unsuccessful second exam, Plaintiff again intended to review his unsuccessful grade on the second exam during an "examination review period," but Professor Jenkins did not attend this exam review. *Id.* at ¶¶ 53.

Plaintiff failed DMTM2 for a second time, with a score of 69.5%. *Id.* at ¶ 55. He filed a "re-grade request" with Professors Jenkins and Shah, which was denied. *Id.* at ¶¶ 56-57. Plaintiff alleges that he proceeded with his first pharmacy rotation but that two days before completing that rotation, his rotation was terminated and he was notified he would be dismissed from CSU. *Id.* at ¶ 59. Plaintiff alleges that Lalita Prassad-Reddy told him "that dismissals were on a case-by-case basis and not to worry" but then "proceeded with the dismissal." ¶¶ 60-61.

## ARGUMENT

### I.  Standard of Review

A motion under Rule 12(b)(6) asserts that the complaint does not plausibly suggest the plaintiff is entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). After disregarding "alleged facts [that] are actually legal conclusions or elements of the cause of

---

[4] At some point, Plaintiff was placed on "academic probation." *See* Compl. ¶ 75.

action," *id.* at 617, and considering any allegations that "disprove the asserted claim," *Eilenfeldt v. United C.U.S.D. #304 Bd. of Educ.*, 84 F. Supp. 3d 834, 840 (C.D. Ill. 2015), the remaining allegations must state a plausible claim. *McCauley*, 671 F.3d at 618. Where the well-pled facts do not permit the court to infer more than the possibility of misconduct, the complaint has not shown an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also* Rule 8.

## II. Plaintiff's Rehabilitation Act and ADA Claim (Count I) Must Be Dismissed

Plaintiff alleges his failing grades and dismissal constitute disability discrimination in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794, *et seq.*, ("Rehabilitation Act") and Title II of the Americans with Disabilities Act, 29 U.S.C. §§ 12132 *et seq.* (the "ADA"). To state a claim under the ADA or Rehabilitation Act, Plaintiff must allege "(1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, [] (3) that he was either excluded from participating in or denied the benefit of that program based on his disability," and, with respect to the Rehabilitation Act, (4) "that the program in which he was involved received federal financial assistance." *Novak v. Bd. of Tr. of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015).[5] As an initial matter, the ADA and Rehabilitation Act do not provide for individual liability as a matter of law. *See e.g., Brewer v. Wis. Bd. of Bar Exam's*, 270 Fed. App'x 418, 421 (7th Cir. 2008). Therefore, the claims against the Individual Defendants must be dismissed as a matter of law. The claims against CSU likewise fail as follows.[6]

### A. Plaintiff is not disabled within the meaning of the Rehabilitation Act or ADA.

Plaintiff fails to allege that he is disabled under the Rehabilitation Act or ADA. To do so, Plaintiff must allege he has as "a physical or mental impairment that substantially limits one or

---

[5] Although Count I is captioned a Rehabilitation Act claim, it also references the ADA. Rehabilitation Act and ADA claims are "functionally identical." *Wagoner v. Lemmon*, 778 F. 3d 586 (7th Cir. 2015).
[6] CSU is also entitled to sovereign immunity under the ADA. *See Brewer*, 270 F. App'x at 421.

4

more major life activities." *Yates v. John Marshall L. Sch.*, No. 08 C 4127, 2009 WL 1309516, at *5 (N.D. Ill. May 11, 2009). A "major life activity" includes "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 34 C.F.R. § 104.3(j)(ii). Even where a plaintiff identifies "physical and mental impairments," a failure to "allege that they substantially limit[ed] one or more of [plaintiff's] major life activities" is grounds for dismissal. *Yates*, 2009 WL 1309516, at *5; *see also Jackson v. Nw. Univ. Sch. of Law*, No. 10 C 1986, 2010 WL 5174389, at *3 (N.D. Ill. 2010).

Here, just as in *Yates* and *Jackson*, Plaintiff fails to explain how his ADHD impairs a major life activity. Plaintiff states his "ADHD requires him to write out mathematical equations," as opposed to writing calculations in ExamSoft. Compl. ¶¶ 36, 34. Plaintiff does not allege, nor can the Court draw a reasonable inference to believe, that entering calculations into testing software is a major life activity. In fact, Plaintiff states "his condition does not interfere with his ability to successfully complete the College of Pharmacy program," thus admitting that his ADHD does not impair any activity, let alone any major life activity, related to his degree. *See id.* at ¶ 25. As in *Yates* and *Johnson*, where the plaintiffs failed to allege that their disabilities "negatively affect [their] capacity to learn, work, sleep, care for [their]self or engage in physical activities, such as walking," here too Plaintiff's "conclusory allegation of disability" is insufficient to survive a motion to dismiss. *See Yates*, 2009 WL 1309516, at *5; *Jackson*, 2010 WL 5174389, at *3. Because Plaintiff has failed to allege that his disability impacts a major life activity, he has failed to state a claim under the Rehabilitation Act or the ADA.

### B. Plaintiff is not otherwise-qualified.

"A person is qualified for a program if []he can meet its requirements, as reflected in the program's standards and the judgment of the faculty, with or without reasonable

5

accommodations." *Gilfillan v. Bradley Univ.*, 854 F. App'x 729, 732 (7th Cir. 2021). "Academic decisions, such as whether a student is qualified for, or entitled to promotion within a program, must be left to the broad discretion of the academic institution." *Khan v. Midwestern Univ.*, 879 F.3d 838, 844 (7th Cir. 2018), *as amended on denial of reh'g* (Feb. 26, 2018). In *Khan*, the plaintiff's argument "that she was otherwise qualified because she had passed several classes in the [university's] program" was unpersuasive, as the "[t]he requirements for the medical degree program [] were not that she pass several classes, but that she not accumulate three failure equivalents in a single academic year." *Id*. at 845. Similarly here, although Plaintiff alleges he "was qualified to participate in the academic programs of CSU," Compl. ¶ 80, he also pleads that he twice failed DMTM2. Thus, he does not meet CSU's standards and is not otherwise-qualified.

### C. Plaintiff was not excluded on the basis of his disability.

Even if Plaintiff had adequately pled that he is disabled within the meaning of the ADA and Rehabilitation Act and was otherwise-qualified, Count I must be dismissed because Plaintiff has not meaningfully alleged that he was dismissed *because of* his disability. To meet this standard, Plaintiff must—and did not—plead that CSU "either (1) intentionally acted on the basis of disability, (2) refused to provide a reasonable modification to permit access to the program, or (3) enforced rules that disproportionally impacted disabled people." *Thurmon v. Mt. Carmel High Sch.*, 191 F. Supp. 3d 894, 898 (N.D. Ill. 2016) (internal quotations omitted); *see also id.* at 899 (dismissing claim where complaint made "simply no suggestion" that the plaintiff's "disability was connected to any of Defendants' conduct or that Defendants' alleged failure to accommodate the disability was unreasonable or resulted in denying [Plaintiff] equal benefits.").

Plaintiff's claims fails for at least three reasons. First, Plaintiff fails to allege that any Defendant knew about his ADHD, instead vaguely alleging that "some persons at CSU were

6

aware of his" ADHD. Compl. ¶ 24. Defendants could not have "intentionally" treated Plaintiff negatively based on his ADHD without knowing he had the condition. Second, Plaintiff fails to allege he ever requested an accommodation, much less that any Defendant refused to provide one. *See, e.g., Martin v. S. Illinois Univ. Sch. of Med.*, No. 16-CV-3294, 2017 WL 4780613, at *12 (C.D. Ill. Oct. 23, 2017) ("liability generally does not attach if the plaintiff does not request an accommodation or does not provide sufficient information for the defendant to determine a reasonable accommodation"). Finally, Plaintiff fails to allege that any Defendant "enforced rules that disproportionally impacted disabled people." *See Thurmon*, 191 F. Supp. 3d at 898. In fact, Plaintiff alleges that Professor Jenkins' decision to cancel "numerous classes" made "**all students**, Plaintiff in particular" likely to fail the class. Compl. ¶ 28 (emphasis added). Furthermore, Plaintiff states that he "scored higher than average on both class examinations." *Id.* at ¶ 52. By his own admission, Plaintiff received the same treatment as all students in his class, and, in fact, performed above-average in the course.

Indeed, the *only* connection Plaintiff attempts to make between his disability and his dismissal is that, with respect to the first time he took DMTM2, Professor Jenkins "gave Plaintiff a failing grade on the examination due to not writing out calculations in ExamSoft" and "removed the diabetes questions from the examination scores." Compl. ¶¶ 34, 38. But, Plaintiff does not plead that he requested an accommodation to allow him to use scratch paper to conduct calculations rather than in ExamSoft; nor, does Plaintiff allege Professor Jenkins' removal of diabetes calculations *entirely* from all examination scores was related to Plaintiff's disability. Moreover, no other allegations in the Complaint allege Plaintiff was given a poor grade due to his disability on any other examination, assignment, or presentation in DMTM2, either the first or second time he took it. As in *Thurmon*, Plaintiff's claim should be dismissed because his

7

allegations fail to "support an inference of intentional discrimination, refusal to provide reasonable modifications, or disproportionate impact on disabled people." 191 F. Supp. 3d at 898-99; *see also Herdman v. Univ. of Ill.*, No. 96 C 8025, 1998 WL 774684, at *6 (N.D. Ill. Oct. 28, 1998) (dismissing claim where the "[c]ourt is unable to discern a tangible connection between [plaintiff]'s alleged disability and his consistent failure to meet the University's academic standards."). For these reasons, Plaintiff has failed to state a claim under the Rehabilitation Act or the ADA and Count I must be dismissed.

### III. Plaintiff's Constitutional Claims (Counts II-IV) Must Be Dismissed.

In Counts II-IV, Plaintiff purports to bring an equal protection claim on the basis of disability and a due process claim premised on a property and liberty interest; each of these is brought under both the federal (Counts II and III) and state constitutions (Count IV). As a preliminary matter, "federal and Illinois equal protection claims are co-extensive and evaluated under the same standard." *Akbar v. Daley*, No. 09-CV-1289, 2009 WL 3055322, at *3 (N.D. Ill. Sept. 18, 2009). The various claims in Counts II-IV must be dismissed for the following reasons.

#### A. Defendants are entitled to sovereign immunity.

As a preliminary matter, Section 1983 claims (Counts II and III) can only be brought against *persons*. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment bars federal claims against the State and its officials. *Haynes v. Ind. Univ.*, 902 F.3d 724, 731-32 (7th Cir. 2018). Counts II and III against CSU and the Individual Defendants in their official capacities must therefore be dismissed on both grounds.

#### B. Defendants are entitled to qualified immunity.

8

State employees sued in their individual capacity "are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *D.C. v. Wesby*, 583 U.S. __, 138 S. Ct. 577, 589 (2018). The Court can address these two elements in either order; if Plaintiff fails to satisfy either element, Defendants are entitled to qualified immunity in their individual capacities in Counts II and III. Here, Plaintiff cannot defeat either element of qualified immunity.

With respect to the first element, because Plaintiff has not adequately pled a violation of due process or equal protection (as discussed below), the Defendants are entitled to qualified immunity. *See Vose v. Kliment,* 506 F.3d 565, 568-72 (7th Cir. 2007). With respect to the second element, even if Plaintiff had sufficiently alleged a violation of his constitutional rights, such right was not "clearly established." *See Wilson v. Layne*, 526 U.S. 603, 615 (1999). This is particularly true with respect to Count III, as precedent is consistent that there generally is no property interest in continued education. *See, e.g., Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 601 (7th Cir. 2009). As such, the Individual Defendants are entitled to qualified immunity.

**C. Plaintiff fails to state an equal protection claim.**

To state an equal protection claim premised on disability, a plaintiff must allege either (1) that he was treated disparately and there was no "rational basis" to do so, *see Schindler v. Univ. of Ill. at Chi. Legal Council*, No. 08 C 6703, 2009 WL 2601267, at *4 (N.D. Ill. Aug. 20, 2009), or (2) that he "is a member of a protected class, that []he was treated differently from similarly situated individuals outside the protected class, and that the Defendants acted with discriminatory intent," *Despard v. Bd. of Trs. of Ind. Univ.*, No. 1:14-CV-1987-WTL-DML, 2015 WL 4946112, at *5 (S.D. Ind. Aug. 18, 2015). Count II fails under either theory.

9

First, Plaintiff has not pled that he was subject to disparate treatment. Although Count II contains the conclusory statement that he was "willfully treated [] in a disparate manner because he has a type of disability," his factual allegations demonstrate that he was treated similarly to other students. *See e.g.,* Compl. ¶ 29 ("Professor Jenkins yelled out to the classroom 'Ya'll don't know shit'"); *id.* at ¶ 30 ("Another student proceeded to ask Professor Jenkins if the examination should be completed in ink pen. To which Professor Jenkins yelled 'you guys can use crayons if you want'"). Likewise, he pled that students generally appeared to do poorly in Professor Jenkins' class. *Id.* at ¶ 52. Second, Plaintiff pled allegations demonstrating that there *was* a rational basis for his dismissal: that is, that he failed a course *twice*. Plaintiff has not alleged in his Complaint that a non-disabled student failed a course twice and was not dismissed. "[F]actual allegations regarding similarly situated students are necessary to properly plead the Plaintiff's equal protection claim." *See Despard*, 2015 WL 4946112, at *7 (dismissing equal protection claim). Plaintiff has not stated an equal protection claim and Counts II and IV must be dismissed.

### D. Plaintiff fails to state a due process claim.

To state a due process claim, Plaintiff must allege that (1) he was deprived of a cognizable property or liberty interest and (2) the procedures by which he was deprived of that interest did not satisfy constitutional requirements. *See Doe v. Purdue Univ.*, 928 F.3d 652, 659 (7th Cir. 2019). Plaintiff fails to meet this pleading standard.

#### 1. *Plaintiff has not alleged a property interest.*

Plaintiff has failed to adequately allege a property interest. Although Plaintiff alleges in Count III that he "had a constitutionally protected and clearly established property interest in his continued education," (Compl. ¶ 90), this vague allegation is insufficient in light of Seventh Circuit precedent. "A graduate student does not have a federal constitutional right to a continued

10

graduate education." *Bissessur*, 581 F.3d at 601. In order to assert a property interest, Plaintiff must allege that an identifiable, enforceable contractual promise existed and entitled him to a specific right. *See id*. at 601-02. Here, Plaintiff has not identified a specific document which he alleges to be contractual in nature, other than vaguely stating, but not attaching to his Complaint, the "College of Pharmacy Student Handbook." This is not sufficient to allege a contract that gives rise to a property interest. *See id.*

### 2. *Plaintiff has not alleged a liberty interest.*

Plaintiff alleges a liberty interest in his "good name and reputation for his future academic and professional career." Compl. ¶ 94. These allegations are insufficient to state a claim as a matter of law. First, "the loss of reputation is not itself a loss of liberty, even when it causes serious impairment of one's future employment." *Purdue*, 928 F.3d at 662 (citation and internal quotation marks omitted); *see also O'Gorman v. City of Chi.*, 777 F.3d 885, 891 (7th Cir. 2015). Further, individuals do not have a constitutionally protected right to pursue a particular career. *See Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 832 (7th Cir. 2012) (an "interest in becoming a dentist is not one that the due process clause protects"); *Doe v. Bd. of Trs. of Univ. of Ill.*, 429 F. Supp. 2d 930, 942–43 (N.D. Ill. 2006) ("Though [plaintiff's] dismissal from the University may hamper his chances of completing medical school and becoming a physician, that by itself does not implicate a protected liberty interest."). Only where a plaintiff satisfies the "stigma plus" test may he base a due process claim on the purported liberty interest in pursuing a certain occupation. *See Purdue Univ*., 928 F.3d at 661. Plaintiff does not come close to meeting this high standard, and, as such, Plaintiff's dismissal from the CSU does not give rise to a liberty interest.

### 3. *Plaintiff received constitutionally-sufficient process.*

11

Even if Plaintiff had pled a protected liberty or property interest—which he has not—his due process claims must be dismissed on the grounds that he has not alleged an actionable deprivation of any such interest. As a preliminary matter, Plaintiff cannot base a due process claim on any alleged violation of CSU policies or procedures, as any "contractually-guaranteed university process is not protected by the federal Constitution." *See Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 832 (7th Cir. 2012) (affirming dismissal of due process claim where graduate student alleged she was not afforded certain "rights" provided under university's process, because any interest in contractually-guaranteed university process was not constitutionally protected). Rather, the Constitution requires only that, before being dismissed for academic reasons, "the student be informed of the nature of the faculty's dissatisfaction and that the decision be 'careful and deliberate.'" *Doe v. Trs. of Ind. Univ.,* No. 120CV02006JRSMJD, 2022 WL 972792, at *9 (S.D. Ind. Mar. 31, 2022). Plaintiff's allegations make clear that he was aware of his failing exam grades and subsequent course failures. The Complaint fails to state that the process by which Plaintiff was dismissed was constitutionally inadequate. As such, Counts II-IV must be dismissed.

### IV.     Plaintiff's State Law Claims (Counts V-VII) Must be Dismissed.

In addition to the state constitutional claim (Count IV) discussed above, Plaintiff brings three claims premised on state common law. Each of these should be dismissed under Rule 12(b)(6).

#### A. Defendants are Immune from Suit in Federal Court on the State Law Claims.

Pursuant to the Illinois State Lawsuit Immunity Act, the State is immune from suit in any court, except as provided in the Court of Claims Act. 745 ILCS 5/1. The Court of Claims has exclusive jurisdiction to hear all claims against the State, inclusive of CSU, founded upon any contract or sounding in tort. 705 ILCS 505/8. Moreover, a "claim against individual officers will

be considered against the state, even when . . . the officials are sued in their individual capacities" if the claim is actually against the State. *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001) (internal quotations omitted). As such, Counts V-VIII should be dismissed.

### B. Plaintiff's Breach of Contract Claim Must Be Dismissed.

To claim a breach of contract, Plaintiff must allege "(1) the existence of a valid and enforceable contractual promise, (2) a breach of that promise, (3) plaintiff performed his contractual obligations, and (4) resultant damages." *Doe v. Columbia Coll. Chi.*, 933 F. 3d 849, 858 (7th Cir. 2019). As a preliminary matter, Count V must be dismissed against the Individual Defendants because Plaintiff does not allege a contractual relationship with them. Moreover, with respect to CSU, Plaintiff fails to meet the pleading standard to survive dismissal.

#### 1. *Plaintiff fails to identify the contract or how it was breached.*

To state a claim for a breach of contract, Plaintiff "must point to an identifiable contractual promise that the defendant failed to honor." *See id.* at 858; *Ross v. Creighton Univ.*, 957 F.2d 410, 416-17 (7th Cir. 1992) (applying Illinois law). In *Ross*, the court found that the plaintiff had identified specific contractual promises because he listed five specific promises which were allegedly violated, including a promise "to provide funds to allow [the plaintiff] to complete his college education." 957 F. 2d at 416. Here, in contrast, Plaintiff only refers vaguely to "CSU's policies and procedures" and "the hearing procedure set out in the [not attached] College of Pharmacy Student Handbook." Compl. ¶ 54, 97. Plaintiff fails to identify the terms of any specific contractual promise. As such, Plaintiff fails to state a claim for breach of contract.

#### 2. *Plaintiff fails to allege that CSU acted arbitrarily, capriciously, or in bad faith.*

Not only must Plaintiff point to a specific contractual promise, but, in "the student-university context, a student may have a remedy for breach of contract when it is alleged that an adverse academic decision has been made [. . . ] *only* if that decision was made *arbitrarily,*

13

*capriciously, or in bad faith.*" *Raethz v. Aurora Univ.*, 346 Ill. App. 3d 728, 732 (2004) (emphasis in original). This standard means that a school "would not be liable even if [the court found] it exercised its academic judgment unwisely; rather it must have disciplined a student without any rational basis." *Columbia Coll. Chi.*, 933 F. 3d at 858. In other words, to find for Plaintiff, this Court "must find that [CSU] did not exercise its academic judgment at all." *See id.*

In *DiPerna v. Chicago School of Professional Psychology*, the Seventh Circuit determined that the defendant had not acted arbitrarily or capriciously when it dismissed a student for plagiarism, as there was "*some* evidence that plagiarism occurred." 893 F. 3d 1001, 1008 (7th Cir. 2018) (emphasis in original). Here, Plaintiff's own allegations indicate that CSU had some evidence which warranted his dismissal: Plaintiff states that he failed the class DMTM2 twice and was subsequently dismissed from his program. Compl. ¶¶ 38, 55, 62. A university's decision to dismiss a student for failing a class twice is clearly an academic judgment supported by some evidence. Therefore, Plaintiff fails to state a valid contract claim and Count V must be dismissed.

### C. Plaintiff's Negligence Claim Must Be Dismissed.

In order to state a claim for negligence, Plaintiff must plead "a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from that breach." *Rhodes v. Ill. Cent. Gulf R.R.*, 665 N.E.2d 1260, 1267. Plaintiff fails to plead duty or breach.

Plaintiff alleges that CSU, Jenkins, and Shah owed him a duty related to the quality of the educational services he received. However, educational malpractice claims "are not cognizable in Illinois." *Waugh v. Morgan Stanley*, 966 N. E. 2d 540, 554 (2012). Because Plaintiff's claims in Count VI against CSU, Jenkins, and Shah "would require a jury to analyze the quality and methods of the education provided to [Plaintiff], as well as an evaluation of the course instruction and the soundness of the teaching methods," they must be dismissed. *See id.* at 550.

Plaintiff's claims against Prasad-Reddy and Rose in Count VI do not fare any better.[7] Plaintiff alleges that they failed "to follow policy and procedure in grievance procedure" and "dismissal procedure." Compl. ¶ 110. However, "where the law does not impose a duty, one will not generally be created by a defendant's rules or internal guidelines." *Rhodes*, 665 N.E.2d at 1272; *see also Blankenship v. Peoria Park Dis.*, 647 N.E. 2d 287, 291 (Ill. App. Ct. 1994). The "grievance" and "dismissal" procedures constitute "rules or internal guidelines" and cannot form the basis of a legal duty towards Plaintiff as a matter of law. *See Rhodes*, 665 N.E.2d at 1272.

As with duty, Plaintiff also fails to allege breach of any duty. Plaintiff's only attempt to allege breach amounts to an inadequate legal conclusion; he merely alleges that the defendants "failed, neglected, and/or refused to discharge" their duties. *See* Compl. ¶ 110. Similarly, Plaintiff cannot show that any alleged breach proximately caused any harm he may have experienced. As Plaintiff fails to identify a duty or allege a breach by the Defendants, he has failed to state a claim for negligence and Count VI should be dismissed.

### D. Plaintiff's Negligent Infliction of Emotional Distress Claim Must Be Dismissed.

Under Illinois state law, a "direct victim" such as Plaintiff can only state a claim for NIED where there is "an allegation of contemporaneous physical injury or impact." *Schweihs v. Chase Home Fin.*, 77 N.E. 3d 50, 59 (Ill. 2016) (affirming dismissal of NIED claim); *see also Yates,* 2009 WL 1309516 at *3. Because Plaintiff fails to allege he suffered any physical injury or impact as a result of the actions of any of the named defendants, Count VII must be dismissed.

### Conclusion

For the reasons stated above and in their Motion to Dismiss, Defendants respectfully request that this Court enter an order dismissing the entirety Complaint with prejudice.

---

[7] Plaintiff does not name any of the other Individual Defendants in Count VI, and thus they should be dismissed.

Respectfully submitted,

/s/ Lisa J. Parker

LISA J. PARKER
JOHN W. BORKOWSKI
MARY E. DEWEESE
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 526-1634 (TEL) | (312) 655-1501 (FAX)
lisa.parker@huschblackwell.com
john.borkowski@huschblackwell.com
mary.deweese@huschblackwell.com

***Attorney for Chicago State University***

i

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused the foregoing document to be filed with the Clerk of the court using the CM/ECF system to the following on this 28th day of October 2022:

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan, 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com


*Attorney for Plaintiff*

        /s/ Lisa J. Parker
        ***Attorney for Chicago State University***