**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**BRANDEN GULLA,**                                      **Case No.: 1:22-cv-04425**
                                                        **Hon. Andrea R. Wood**

        *Plaintiff,*

**v.**

**CHICAGO STATE UNIVERSITY, et. al.,**

        *Defendants.*

---

## JOINT STATUS REPORT

Plaintiff and Defendants, by and through their respective attorneys, and pursuant to the Court's October 20, 2022 Order, submit the following joint status report:

1.    **NATURE OF THE CASE**.

    A.    The attorney of record for Plaintiff is Keith Altman of the Law Office of Keith Altman, PLLC, who will serve as the lead trial attorney. The attorneys of record for Defendants are John Borkowski, Lisa Parker, and Mary Deweese, all of Husch Blackwell, LLP. John Borkowski will serve as the lead trial attorney for Defendants.

    B.    All parties to this case have been served.

    C.    Jurisdiction is proper under 28 USC § 1331 because Plaintiff brings federal question claims under the Americans with Disabilities Act, the Rehabilitation Act, and the U.S. Constitution pursuant to 42 U.S.C. §1983. Plaintiff also brings state law claims under the Illinois Constitution, and for breach of contract, negligence, and negligent infliction of emotional distress. Supplemental jurisdiction over these claims is proper because they arise out of the same controversy, Plaintiff's dismissal from Chicago State University ("CSU"). There is diversity of citizenship between Plaintiff and Defendant CSU because Plaintiff is a resident of Michigan, and Defendant CSU is domiciled in Illinois. Defendants dispute that Plaintiff has properly alleged any state law claims against the Individual Defendants, and to the extent that any state law claims remain against the Individual Defendants subsequent to this Court's decision on the Defendants' pending motion to dismiss, reserve the right to address whether diversity of citizenship exists between Plaintiff and the Individual Defendants. Plaintiff alleges damages upward of $130,000. Defendants assert that Plaintiff is not entitled to damages, in part because of Defendant Chicago State University's immunity under the Eleventh Amendment.

    D.    Plaintiff brings claims under Title II of the Americans with Disabilities Act; Section 504 of the Rehabilitation Act; 42 U.S.C. § 1983 and the Fourteenth Amendment of

the United States Constitution; Article I, Section 2 of the Illinois Constitution; and Illinois state law claims for breach of contract, negligence, and negligent infliction of emotional distress.

E.      Plaintiff asserts that his failing grades in a course and his ultimate dismissal for failing that course twice violate his rights to due process and equal protection under the United States and Illinois constitutions, constitute disability discrimination in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act (the "Acts"), and constitute breach of contract, negligence, and negligent infliction of emotional distress under state law. Anticipated questions of fact and law, should this case survive dismissal, include but are not limited to whether Plaintiff was disabled within the meaning of the Acts, whether Plaintiff informed Defendants of his disability, whether Plaintiff requested accommodations, whether there are any similarly situated students to serve as comparators for Plaintiff's claims, whether Plaintiff was treated differently from non-disabled students, whether Plaintiff possessed a property or liberty interest in his enrollment at CSU, what contractual terms governed Plaintiff's relationship with CSU, what duty CSU owed to Plaintiff, and whether such contractual terms or duty were breached.

F.      Plaintiff seeks actual damages, punitive damages, injunctive relief including Plaintiff's readmission to Chicago State University, and costs and attorneys' fees.

2.      **CASE PLAN**.

A.      Defendants filed a Motion to Dismiss on October 28, 2022, which is pending. The parties respectfully request that this Court set a briefing schedule permitting Plaintiff to file a response on or before December 2, 2022 and Defendants to file a reply on or before December 16, 2022.

B.      As stated above, Defendants have filed a Motion to Dismiss the Complaint in its entirety. The bases for this Motion to Dismiss include: Plaintiff's failure to allege he was disabled within the meaning of the Acts; sovereign and qualified immunity; Plaintiff's failure to plead that he was subject to disparate treatment; Plaintiff's failure to allege property or liberty interests; Plaintiff's failure to allege that CSU acted arbitrarily, capriciously, or in bad faith; Plaintiff's failure to allege any breach of duty by the Defendants, and Plaintiff's failure to allege any physical impact as is required for claims of negligent infliction of emotional distress.

C.      The parties further request discovery, including but not limited to initial disclosures, be stayed until resolution of the Motion to Dismiss to avoid unnecessary expense and burden. If this Court declines to stay discovery, the parties propose the following plan:

i.      Discovery is needed on the following topics: the claims and defenses of the parties; the nature and amount of any damages alleged by Plaintiff; the nature and severity of Plaintiff's alleged disability; the University's policies regarding course failures; and the circumstances surrounding Plaintiff's failing course grades, course failures, and dismissal.

ii.      Discovery will encompass ESI. The parties do not anticipate any e-discovery issues at this time. To the extent that any information or materials responsive to a discovery request exists within a computer or on a computer-recorded medium including, but not necessarily limited to, electronic communications or electronic or magnetic data, the parties

HB: 4877-8439-6605.4

agree to preserve the data as it now exists. The parties agree to produce ESI as it is kept in the usual course of business or organized corresponding to a discovery request, as required by Fed. R. Civ. P. 34(b)(1)(E). The parties agree that whenever practicable, ESI shall be produced in an electronic format requested by the party seeking the ESI production and that, in the event ESI cannot be produced in the requested format, the parties will meet and confer to discuss an agreeable format of production.

   iii. The Parties anticipate requesting that a protective order be entered in this matter. In the event that discovery is not stayed pending resolution of Defendants' motion to dismiss, the Parties will file a proposed Protective Order in accordance with this Court's requirements.

   iv. Initial disclosures under Federal Rule of Civil Procedure 26(a)(1) will be made within one-month of this Court's order on the pending Motion to Dismiss or by December 2, 2023, whichever date is later.

   v. All fact discovery shall be completed within five months of this Court's order on the pending Motion to Dismiss or by May 3, 2023, whichever date is later.

   vi. At this time, the parties do not anticipate retaining experts. In the event, after the exchange of written fact discovery, either party anticipates a need for expert testimony, the parties will confer with one another and bring the matter to the Court's attention.

   vii. The parties do not anticipate that it is necessary to make any changes to the limitations on discovery.

   viii. Any dispositive motions shall be filed within sixty (60) days of the close of all discovery.

  D. Plaintiff demanded a jury trial in his Complaint. The parties estimate that a trial would last three days.

  3. **SETTLEMENT**.

  A. The parties have engaged in initial settlement discussions; however, there is no settlement pending.

  B. Parties believe a settlement conference may be appropriate after the Motion to Dismiss has been resolved.

  4. **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**.

  A. Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. The parties have not unanimously consented to this procedure.

Date: November 2, 2022                    Respectfully Submitted,

*/s/ Keith Altman*
Keith Altman, Esq. (P81702)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

**Attorney for Plaintiff**


*/s/ Mary E. Deweese*

LISA J. PARKER
JOHN W. BORKOWSKI
MARY E. DEWEESE
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 526-1634 (TEL)
(312) 655-1501 (FAX)
Lisa.parker@huschblackwell.com
John.borkowski@huschblackwell.com
Mary.deweese@huschblackwell.com

**Attorneys for Defendants**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 2, 2022, I served the foregoing Motion to Adjourn Initial Status Conference upon all parties herein by filing copies of same using the United States District Court for the Northern District of Illinois' CM/ECF filing system.

*/s/ Mary E. Deweese*

HB: 4877-8439-6605.4