# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**BRANDEN GULLA,**

    *Plaintiff,*

v.

**CHICAGO STATE UNIVERSITY, et. al.,**

    *Defendants.*

Case No.: 1:22-cv-04425
Hon. Andrea R. Wood

## PLAINTIFF'S MOTION TO STRIKE THE CHARGING LIEN OF THE LAW OFFICE OF KEITH ALTMAN

    Counsel for the Plaintiff, BRANDEN GULLA, in the above-captioned action, hereby moves this Court for an Order striking the charging lien of Plaintiff's prior counsel, attorney Keith Altman of the Law Office of Keith Altman, as invalid.

    In support hereof, Plaintiff will rely on the accompanying Memorandum of Law.

Respectfully submitted,

LENTO LAW GROUP, P.C.

DATED: February 10, 2023

_____
Joseph Cannizzo Jr., Esquire
AL State Bar No. 3584O57X
LENTO LAW GROUP, P.C.
Chase Corporate Center
1 Chase Corporate Center, Suite 400
Birmingham, AL, 35244
T: (385) 485-0600 | F: (313) 992-1122
jcannizzo@lentolawgroup.com
*Attorney for Plaintiff*

1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**BRANDEN GULLA,**

*Plaintiff,*

v.

**CHICAGO STATE UNIVERSITY, et. al.,**

*Defendants.*

Case No.: 1:22-cv-04425
Hon. Andrea R. Wood

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE CHARGING LIEN**

Counsel for the Plaintiff, BRANDEN GULLA, in the above-captioned action, hereby moves this Court for an Order striking the charging lien of Plaintiff's prior counsel, attorney Keith Altman of the Law Office of Keith Altman, as invalid, and in support thereof, states as follows:

**I.  INTRODUCTION**

1.  In short, this matter arises out of Plaintiff's wrongful dismissal from Chicago State University.

2.  In connection therewith, Plaintiff brought the instant action seeking damages for Defendants' violations of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and violation of Article I, Section 2 of the Illinois Constitution, as well as breach of contract, negligence, and negligent infliction of emotional distress.

## II.   PROCEDURAL HISTORY

3. Plaintiff filed suit against the Defendants in this matter on or about August 19, 2022.

4. At the time, Plaintiff was represented for purposes of litigation by attorney Keith Altman of the Law Office of Keith Altman, and attorney Altman entered his appearance in the matter that same day, August 19, 2022.

5. Subsequently, attorney Altman filed an Amended Complaint on or about December 2, 2022.

6. Shortly thereafter, on or about January 11, 2023, Plaintiff retained Lento Law Group, P.C., to represent him in connection with this matter.

7. As a result, attorney Altman filed a Motion to Withdraw as Plaintiff's Counsel on or about January 13, 2023, and that same day, I filed my Notice of Appearance as the superseding attorney on behalf of Plaintiff.

8. Your Honor then granted attorney Altman's Motion to Withdraw on or about January 17, 2023.

9. That same day, attorney Altman then proceeded to file a Notice of Lien.

10. Said Notice of Lien provides, in relevant part:

> Please take further notice that by virtue of written fee agreement between said parties and pursuant to the Attorneys Lien Act, 770 ILCS 5/1 *et seq.*, the undersigned law firm, The Law Office of Keith Altman, has and claims a lien ahead of all others on the said party's claims and causes of action asserted herein, and on any judgment or settlement rendered in favor of Plaintiff, Branden Gulla, to secure payment for legal services rendered and costs and expenses advanced on their behalf, all in accordance with the terms of the attorney-client retainer agreement.

3

11. In light of attorney Altman's filing of this Notice of Lien, through correspondence sent via email on or about January 24, 2023, I asked attorney Altman to please provide me with a copy of his Fee Agreement and/or Engagement Letter with Plaintiff pursuant to which he now claims entitlement to a charging lien.

12. In response, the following day, January 25, 2023, I received an email from attorney Altman's Director of Litigation, Lori Crusselle, who indicated, "We do not have a written fee agreement with Mr. Gulla. Our verbal agreement with Mr. Gulla and his father was the standard one-third attorney fee agreement for Michigan." *See*, a copy of Ms. Crusselle's email annexed hereto as **EXHIBIT "A"**.

13. In light of this information, on or about January 27, 2023, I emailed attorney Altman a demand that he withdraw his Notice of Lien within seven (7) days of his receipt of my email.

14. To date, he has failed, refused, or otherwise neglected to do so.

15. Finally, on February 6, 2023, Ms. Crusselle emailed me correspondence indicating that The Law Office of Keith Altman was entitled to the lien, paradoxically citing Michigan, rather than Illinois, law, and provided me with an Invoice accounting for the firm's time spent on the matter, totaling $14,907.25. *See*, a copy of Ms. Crusselle's correspondence and the accompanying Invoice annexed collectively hereto as **EXHIBIT "B"**.

III. ARGUMENT

**THERE IS NO WRITTEN ATTORNEY-CLIENT RETAINER AGREEMENT BETWEEN ATTORNEY ALTMAN & PLAINTIFF**

4

16. Put simply, despite his representations to the Court to the contrary, attorney Altman, via his employee Lori Crusselle, admits that there is no written attorney-client retainer agreement between Plaintiff and himself.

17. Referring back to attorney Altman's Notice of Lien, which provides, in part, that the lien he asserts is, "*by virtue of written fee agreement between said parties*" and "*all in accordance with the terms of the attorney-client retainer agreement,*" critically, by Altman's own admission through his staff, no such document exists.

18. Attorney Altman asserts that his charging lien is brought pursuant to the Attorney's Lien Act, 770 ILCS 5/1 *et seq*, which provides, in relevant part, as follows:

> Attorneys at law shall have a lien upon all claims... which may be placed in their hands *by their clients* for suit or collection... for the amount of any fee which may have been agreed upon by and between such attorneys and *their clients*... To enforce such lien, such attorneys shall serve notice in writing... upon the party against whom their clients may have such suits... claiming such lien and stating therein the interest they have... Such lien shall attach to any verdict, judgment or order entered and to any money or property which may be recovered... from and after the time of service of the notice. On petition filed by such attorneys or *their clients* any court of competent jurisdiction shall, on not less than 5 days' notice to the adverse party, adjudicate the rights of the parties and enforce the lien.
>
> (Emphasis added).

19. The Supreme Court of Illinois has held that, "Since the attorney's lien is a creature of statute, the Act must be strictly construed, both as to establishing the lien and as to the right of action for its enforcement. Attorneys who do not strictly comply

5

with the Act have no lien rights." People v. Philip Morris, Inc. 198 Ill.2d 87, 95 (2001). *See also*, Haj v. American Bottle Co., 261 Ill. 362, 366 (1913).

20. Here, attorney Altman did not strictly comply with the Act, and thus, is not entitled to a lien.

21. As the Supreme Court of Illinois observed, "The attorney must have been hired by a client to assert a claim." Id. *See also*, Rhoades v. Norfolk & W. Ry. Co., 78 Ill.2d 217, 227 (1979).

22. This is consistent with the plain language of the Attorney's Lien Act that the matter upon which the attorney asserts a lien must have been, "placed in [the attorney's] hands *by their client*..." (Emphasis added).

23. In the absence of a signed attorney-client agreement, it would appear that Plaintiff, was not, in fact, attorney Altman's lawful client, given that this is a contingent fee matter.

24. Specifically, Ill. Sup. Ct. R. 1.5(c) provides in relevant part that, "A contingent fee agreement *shall* be in a writing signed by the client and shall state the method by which the fee is to be determined." (Emphasis added).

25. This requirement is also consistent with the maxim that, "the client's rights rather than the lawyers' remedies have always been this state's greatest concern." Donald W. Fohram & Associates, Ltd. v. Mark D. Alberts, P.C., 2014 IL App (1st) 123351, 379 Ill. Dec. 969, 975 (2014).

6

26. The instant matter is indeed a contingent fee matter, however, attorney Altman had no such written contingent fee agreement signed by Plaintiff, as required under the Illinois Rules of Professional Conduct.

27. Thus, having failed to strictly comply with both the Attorney's Lien Act and the Illinois Rules of Professional Conduct in so failing to have a written contingent fee agreement signed by the Plaintiff, attorney Altman, "ha[s] no lien rights." People v. Philip Morris, Inc. 198 Ill.2d 87, 95 (2001).

28. As a result, his filed Notice of Lien is invalid and must be stricken from the record.

                                        Respectfully submitted,

                                        LENTO LAW GROUP, P.C.

DATED: February 10, 2023

                                        Joseph Cannizzo Jr., Esquire
                                        AL State Bar No. 3584O57X
                                        LENTO LAW GROUP, P.C.
                                        Chase Corporate Center
                                        1 Chase Corporate Center, Suite 400
                                        Birmingham, AL, 35244
                                        T: (385) 485-0600 | F: (313) 992-1122
                                        jcannizzo@lentolawgroup.com
                                        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on February 10, 2023, I served the foregoing Motion to Strike Lien upon all parties herein by filing copies of same using the United States District Court for the Northern District of Illinois' CM/ECF filing system.

Additionally, a copy of the foregoing Motion has been served upon attorney Keith Altman via email and regular mail.

LENTO LAW GROUP, P.C.

DATED: February 10, 2023

Joseph Cannizzo Jr., Esquire
AL State Bar No. 3584O57X
LENTO LAW GROUP, P.C.
Chase Corporate Center
1 Chase Corporate Center, Suite 400
Birmingham, AL, 35244
T: (385) 485-0600 | F: (313) 992-1122
jcannizzo@lentolawgroup.com
*Attorney for Plaintiff*