**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**BRANDEN GULLA,**

    *Plaintiff,*

v.

**CHICAGO STATE UNIVERSITY, et. al.,**

    *Defendants.*

Case No.: 1:22-cv-04425
Hon. Andrea R. Wood

---

### CERTIFICATION OF PLAINTIFF, BRANDEN GULLA

I, Branden Gulla, do hereby certify as follows:

1. I, BRANDEN GULLA, am the Plaintiff in the above-captioned matter.

2. As such, I am fully familiar with the facts of this matter.

3. I provide this Certification in support of Plaintiff's counsel's Motion to Strike the Lien of attorney Keith Altman.

4. I wanted to share with the Court my experience with Keith Altman and illustrate my understanding as to the nature of my relationship with Mr. Altman.

5. In or about July 2021, I paid Mr. Altman $10,000.00 in connection with representation at the school-level to communicate with Defendant CHICAGO STATE UNIVERSITY's Office of General Counsel so as to attempt to resolve this matter in lieu of the need for litigation.

6. It is my understanding that Mr. Altman drafted a letter to the school and a few phone calls were made.

7. Almost a year later when I complained to Mr. Altman that my matter still had not been resolved, Mr. Altman decided to send a revised letter to the Office of General Counsel as his prior letter did not outline all of the issues material to my case.

8. When Mr. Altman determined that a lawsuit was necessary, he called my father and informed him that he would be sending us an invoice for $5,000.00 to file the lawsuit.

9. At no time did I ever receive a written Engagement Agreement from Mr. Altman in connection with him proceeding with this lawsuit, nor did I ever receive the invoice for $5,000.00.

10. When Mr. Altman eventually hired me to work for him in his office, my father and I would regularly bring up to him the fact that we had never received a written Engagement Agreement, nor had we received the invoice for $5,000.00, he indicated he would be providing us with.

11. Each time we brought the matter up to Mr. Altman, he would dismiss us.

12. Later, once I learned that Mr. Altman had started working on my lawsuit, he expressly told me not to worry about the $5,000.00 as I had done a lot of work for him, and had worked a significant amount of overtime.

13. In short, I regularly worked 12-hour days for Mr. Altman, often including weekends as well.

14. Thus, based upon Mr. Altman's repeated refusal to send me the $5,000.00 invoice he indicated that he would send, and his later indication to me telling me, "not to worry about" the $5,000.00, it was my understanding that Mr. Altman, in recognition of the extraordinary number of work hours I was putting in for him, was waiving payment in connection with my matter, as I was essentially paying him through my labor, and specifically, my overtime.

15. Additionally, I am in receipt of the Invoice which Mr. Altman has provided to my current attorney, and I am aware of the near $15,000.00 lien which he is attempting to assert on my recovery, if one is to be had, in this matter.

16. Having worked for Mr. Altman in his office, I know how he manages his practice and I know how he conducts his work.

17.     Since the time of his filing of the Complaint in this matter, I have been kept in the dark.

18.     Additionally, I had requested to be provided with a copy of the Amended Complaint for my review, prior to filing, however, Mr. Altman never provided me with same, and proceeded to file it before I had an opportunity to review it.

19.     In sum, I know that Mr. Altman did not spend anywhere close to $15,000.00 worth of time on this matter, and I wholly contest the lien he has asserted in this case, both because of his mishandling of my matter, and the fact that I neither signed nor paid for his representation in the first instance.

20.     It is my sincere hope that this Court finds that Mr. Altman is not entitled to one single dime in connection with this matter.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

DATED: 02 / 09 / 2023

Respectfully submitted,

_____
BRANDEN GULLA
Plaintiff