UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRANDEN GULLA,

    *Plaintiff*,

v.

CHICAGO STATE UNIVERSITY, et. al.,

    *Defendants*.

Case No.: 1:22-cv-04425

## PLAINTIFF BRENDAN GULLA'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO AMEND

COMES NOW Plaintiff BRANDEN GULLA, and hereby files this instant Brief in Opposition to the Defendants' pending Motion to Dismiss [Dkt. # 24] and in support of Plaintiff's Cross-Motion to Amend Plaintiff's Complaint, and in support thereof, states as follows:

**I.    INTRODUCTION**

1. In short, this matter arises out of Plaintiff's wrongful dismissal from Chicago State University.

2. In connection therewith, Plaintiff brought the instant action seeking damages for Defendants' violations of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and violation of Article I, Section 2 of the Illinois Constitution, as well as breach of contract, negligence, and negligent infliction of emotional distress.

**II.    PROCEDURAL HISTORY**

3. On August 19, 2022, the Plaintiff filed his Complaint against the Defendants in this matter. [Dkt. #1].

4.        In response, on October 28, 2022, in lieu of Answer, Defendants filed a Motion to Dismiss [Dkt. #15] and Memorandum of Law in support thereof [Dkt. #16].

5.        Per the Court's Minute Entry of November 8, 2022 [Dkt. #18], Plaintiff, through his prior counsel, attorney Keith Altman, was to file a response to Defendants' Motion to Dismiss by December 2, 2022.

6.        Instead, on December 2, 2022, attorney Altman filed Plaintiff's first Amended Complaint [Dkt. #19].

7.        As explained in the Court's Minute Entry of December 5, 2022 [Dkt. #20], as by December 2, 2022, more than 21 days had passed since Defendants' Motion to Dismiss had been filed, Plaintiff was no longer entitled to amend as a matter of course, pursuant to Fed. R. Civ. P. 15(a).

8.        Nonetheless, on December 12, 2022, Defendants filed a statement to the docket [Dkt. #21] indicating that they consent to Plaintiff's untimely filing of the Amended Complaint as they intended to move to dismiss same.

9.        Defendants' then filed the presently pending Motion to Dismiss for Failure to State a Claim [Dkt. #24] and Memorandum of Law in support thereof [Dkt. #25], on January 3, 2023.

10.        Subsequent to this, on January 12, 2023, Plaintiff's then-counsel, attorney Keith Altman, filed a Motion for an Extension of Time to reply to said Motion to Dismiss of the Defendants [Dkt. #26].

11.        This was then followed by attorney Altman's Motion to Withdraw as Counsel for Plaintiff the following day, on January 13, 2023 [Dkt. #27].

12.        That same day, Plaintiff's present counsel, Joseph Cannizzo Jr., Esq. of the Lento Law Group, P.C., entered his appearance into this matter [Dkt. #28].

13.     The Court subsequently granted both of attorney Altman's motions, both extending Plaintiff's time to respond to the instant Motion to Dismiss by February 16, 2023, and terminating attorney Altman as Plaintiff's counsel of record.

14.     In light of Plaintiff's new counsel taking this matter over from prior attorney Altman, Plaintiff herein responds to the pending Motion to Dismiss of the Defendants and simultaneously files a Cross-Motion to Amend Plaintiff's Complaint to attempt to correct any and all deficiencies contained in Altman's presently operative Amended Complaint.

**III.    LEGAL ARGUMENT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**A. The Legal Standard for a Motion to Dismiss for Failure to State a Claim**

15.     To survive a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead only "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).

16.     "Even after *Twombly*, courts must still approach motions under Rule 12(b)(6) by 'constru[ing] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009), *citing* Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

17.     While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Twombly, supra. at 555 (internal citations omitted).

18.     Rather, "'the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action,' on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)" Id. , citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989).

### B. As to the First Cause of Action – Section 504 of the Rehabilitation Act

19. Defendants move to dismiss Plaintiff's First Cause of Action arising under Section 504 of the Rehabilitation Act on the basis that individuals cannot be held liable under the Rehabilitation Act, stating that the "Rehabilitation Act does not provide for individual liability as a matter of law and therefore there is no basis for claims against the Individual Defendants." (Defendants' Motion to Dismiss at ¶ 4).

20. Defendants are correct in this assessment, and case law supports their claim. *See*, Ravenna v. Village of Skokie, 388 F.Supp.3d 999, 1004 (N.D. Ill. 2019), "Only 'public entities,' and not individuals, are proper defendants under [Title II of the ADA]," and Section 504 of the Rehabilitation Act, has been interpreted in a manner consistent with Title II in this regard.

21. Given that Plaintiff's prior counsel did not explicitly state against which Defendant the First Cause of Action was raised, insofar as it is raised against Defendant Chicago State University, Plaintiff contends that it adequately states a claim for relief and Defendants do not appear to contest this. However, to the extent that the First Cause of Action can be construed as being raised against the individual Defendants, Plaintiff concedes that this is improper and unsupported by existing precedent, and thus respectfully requests that the Court take notice of this as an additional reason why Plaintiff's present counsel seeks leave to amend Plaintiff's presently operative Amended Complaint so as to address ambiguities such as this.

### C. As to the Second & Third Causes of Action arising under 42 U.S.C. 1983

22. Plaintiff's prior counsel raises the Second Cause of Action – a claim arising under 42 U.S.C. 1983 – as against Defendant Chicago State University. Defendants rightly claim that such

a claim may only be brought against "persons" under § 1983. Existing precedent within the 7th Circuit has already held that, "because state universities are 'alter egos' of the state," and "a State is not a person within the meaning of § 1983... it follows that a state university is not a person within the meaning of § 1983 and therefore not subject to suits brought under § 1983." <u>Kaimowitz v. Board of Trustees of University of Illinois</u>, 951 F.2d 765, 767 (7th Cir. 1991).

23. Plaintiff therefore concedes that this Second Cause of Action is improper as against Defendant CSU and is unsupported by existing precedent. Thus, Plaintiff respectfully requests that the Court take notice of this as an additional reason why Plaintiff's present counsel seeks leave to amend Plaintiff's presently operative Amended Complaint so as to correct pleading deficiencies such as this.

24. As to Plaintiff's Third Cause of Action, also arising under 42 U.S.C. 1983, Plaintiff's prior counsel did not explicitly state against which Defendant this cause of action was raised; however, the only Defendant even named anywhere in the Third Cause of Action is Defendant CSU. As such, it appears that Plaintiff's prior counsel intended this Count to be as against Defendant CSU and Plaintiff must therefore concede that this Third Cause of Action is improper as against Defendant CSU and is unsupported by existing precedent, as already explained. Thus, Plaintiff respectfully requests that the Court take notice of this as an additional reason why Plaintiff's present counsel seeks leave to amend Plaintiff's presently operative Amended Complaint so as to correct pleading deficiencies such as this.

**D. As to the Fourth Cause of Action arising under Art. I, § 2 of the Illinois State Constitution**

25. Art. I, § 2 of the Constitution of the State of Illinois provides that, "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."

26. Plaintiff's operative complaint alleges that Defendant CSU deprived Plaintiff of a liberty interest – equal access to the educational program – without due process, specifically, by "denying him even the right to appeal" his dismissal from the college, and further, that "Defendants" have unlawfully condoned such discrimination against Plaintiff on the basis of his disability.

27. Although Plaintiff's prior counsel does not explicitly state against which Defendant this cause of action was raised, nor did he specify which "Defendants" he is referring to in ¶ 116 (ambiguities which Plaintiff's present counsel would like to remedy if granted leave to amend), Plaintiff nonetheless has sufficiently plead enough facts to state a claim to relief that is plausible on its face, per <u>Twombly</u>, supra. Thus, the Fourth Cause of Action must survive Defendants' instant Motion to Dismiss.

### E. As to the Fifth Cause of Action – Breach of Contract

28. Defendants' argument that, "Plaintiff's breach of contract claim (Count V) should be dismissed against the Individual Defendants because Plaintiff fails to allege a contractual relationship with them," is disingenuous because Plaintiff's Fifth Cause of Action is a breach of contract claim that is very clearly brought as against Defendant CSU only.

29. Plaintiff does not allege such a contractual relationship against the individual defendants, because Plaintiff agrees that no contractual relationship exists as between Plaintiff and the individual defendants. To the extent that the individual defendants are even mentioned in this Fifth Cause of Action, they are only referenced in the Wherefore Clause, which, presumably Plaintiff's

prior counsel copied and pasted without altering, as the individual defendants are not referenced at all in the body of Count V itself.

30. Thus, as the Fifth Cause of Action relates to Defendant CSU, Plaintiff has sufficiently plead enough facts to state a claim to relief that is plausible on its face, per Twombly, supra. Specifically, Plaintiff alleges offer (at ¶ 118), acceptance (at ¶ 119), and an exchange of valuable consideration (at ¶ 120) constituting a valid contract, and a subsequent breach thereof by Defendant CSU (at ¶ 121) resulting in damages to Plaintiff (at ¶ 122).

31. Defendants' falsely claim that Plaintiff, "fails to identify any specific contractual provision that was allegedly breached..." This is not so. Plaintiff specifically cites CSU's policy regarding equal opportunity in employment and education (at ¶ 24) as well as the college's Honor Code (at ¶ 36), both of which are apart of terms of the bargain as between Plaintiff as a student and Defendant CSU, and both of which are incorporated by reference into the Fifth Cause of Action.

32. Finally Defendants also assert that Plaintiff's breach of contract claim must fail because Plaintiff "fails to allege that Defendants acted arbitrarily, capriciously, or in bad faith as is required for a student to adequately state a breach of contract claim against a university." While Plaintiff may not have alleged such in precisely those terms, it is quite clear from the factual allegations of Plaintiff's operative complaint that Defendant CSU's conduct through Plaintiff's academic career was regularly arbitrary and capricious, and that by failing to abide by its own policies, Defendant CSU did not act in good faith.

33. Further, one of the provisions of CSU's cited Honor Code expressly states that, "Behaviors that are inconsideration, insensitive, inhospitable, or inciting, or which unjustly or *arbitrarily* inhibit another's abilities to feel safe or welcomed in the pursuit of appropriate academic goals are not acceptable." (Emphasis added). This is one of the cited provisions which Plaintiff alleges

Defendant CSU violated. Thus, Plaintiff does, in fact, allege that Defendant CSU's conduct was arbitrary. Given the foregoing, Plaintiff's Fifth Cause of Action must survive Defendants' instant Motion to Dismiss.

### F. As to the Sixth Cause of Action – Negligence

34. Defendants' arguments as to the reasons why Plaintiff's Sixth Cause of Action should be dismissed are disingenuous. While it is admitted that the Count could have been pleaded more clearly, all the elements of a claim for negligence are present. Defendants' erroneously claim that Plaintiff fails to please a duty under Illinois law. Rather, Plaintiff explicitly states that each Defendant had a duty of "reasonable care".

35. Defendants' also erroneously misconstrue Plaintiff's claim as an "educational malpractice" claim despite Plaintiff not utilizing the phrase at all in the Count. A claim "sound[s] in educational malpractice" if it "pertain[s] to the quality of instruction." Waugh v. Morgan Stanley and Co., Inc., 966 N.E.2d 540, 553 (Ill. Ct. App. 2012).

36. The only two Defendants named in the Sixth Cause of Action who provided instruction to Plaintiff are Defendants Jenkins and Shah as the other Defendants named in the Count are administrators. The only failure which Plaintiff explicitly alleges what Jenkins' and Shah's failure with respect to "Evaluating Plaintiff's examination." No reference is made to the quality of their instruction.

37. Finally, despite Defendants' assertions that "Plaintiff also fails to plead breach or proximate causation," Plaintiff explicitly states that each Defendant "failed" with respect to their owed duty, hence, the breach thereof, and further, Plaintiff explicitly states these failures, "directly and proximately caused Plaintiff financial harm."

38. Thus, duty, breach, causation, and damages, have all been adequately plead by Plaintiff and therefore, the Sixth Cause of Action must survive the instant Motion to Dismiss.

### G. As to the Seventh Cause of Action – Negligent Infliction of Emotional Distress

39. Finally, with respect to Plaintiff's Seventh and final Cause of Action – a claim for negligent infliction of emotional distress – Defendants' erroneously assert that, "Plaintiff does not allege that he sustained any physical impact due to the alleged negligence..."

40. In fact, Plaintiff explicitly alleges within the Count that the Defendants' actions caused him "emotional distress" and "worry[]", "humiliation", and "mental anguish". Additionally Plaintiff also alleges that, "As a result of CSU's treatment of Plaintiff, Plaintiff suffered anxiety and depression" at ¶ 79, which is incorporated into the Seventh Cause of Action by reference.

41. As such, Plaintiff has sufficiently plead a plausible cause of action for negligent infliction of emotional distress, and the claim must therefore survive the instant Motion to dismiss.

### IV. CONCLUSION AS TO PLAINITFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

42. For the foregoing reasons, Plaintiff's Fourth, Fifth, Sixth, and Seventh Causes of Action must survive Defendants' instant Motion to Dismiss, as Plaintiff adequately pleads plausible claims for relief, particularly when the complaint is viewed the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in Plaintiff's favor.

43. To the extent that Plaintiff's First, Second, and Third Causes of Action are dismissed, Plaintiff explicitly requests that such dismissals be without prejudice such that Plaintiff may seek leave to amend to correct any deficiencies – that is, provided that Plaintiff's concurrently filed Cross-Motion to Amend Plaintiff's Complaint is not granted, which would correct all deficiencies noted herein.

V. **LEGAL ARGUMENT IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO AMEND PLAINTIFF'S COMPLAINT**

44. Defendants have filed a Motion to Dismiss Plaintiff's first Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In addition to opposing said Motion above, Plaintiff herein Cross-Moves to Amend his Complaint, and thereby seeks leave of Court to file Plaintiff's Second Amended Complaint. Amending would not be futile, and so, for the following reasons, Plaintiff's Cross-Motion to Amend should be granted.

### A. Leave to Amend Pleadings Should be Liberally Granted

45. According to F.R.C.P. 15(a), "leave to amend 'shall be freely given when justice so requires'". Foman v. Davis, 371 U.S. 178, 182 (1962).

46. In fact, "leave to amend should be freely given and only denied after a motion to dismiss where 'it appears to a certainty that the plaintiff cannot state a claim upon which relief can be granted...'" Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n, 377 F.3d 682, 690 (7th Cir. 2004), *citing*, Rohler v. TRW, Inc., 576 F.2d 1260, 1266 (7th Cir. 1978).

47. Further, "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend..." Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana, 786 F.3d 510, 519-20 (7th Cir. 2015), *citing*, Barry Aviation, supra. at 687.

48. As Plaintiff's proposed Second Amended Complaint demonstrates, amending Plaintiff's complaint in this manner would not be futile and would reflect plausible causes of action upon which relief can be granted.

49. As such, the Court should grant Plaintiff's instant Cross-Motion to Amend and grant Plaintiff leave of Court to file Plaintiff's Second Amended Complaint in this matter.

**B. Plaintiff's First Amended Complaint, was not Authored by Plaintiff's Current Counsel, and includes Critical Factual and Legal Errors/Omissions**

50. The presently operative Amended Complaint as authored by Plaintiff's prior counsel, Keith Altman, contained numerous mistakes of fact as well as improperly/inadequately plead legal claims, as referenced above.

51. Plaintiff's current counsel, Joseph Cannizzo, Esq., seeks leave of Court to correct all of the errors and or omissions within the presently operative Amended Complaint, and file a Second Amended Complaint that remedies these critical issues.

52. As "leave to amend 'shall be freely given when justice so requires,'" Foman, supra., Plaintiff and Plaintiff's counsel both agree that justice requires the opportunity to amend Plaintiff's presently operative Amended Complaint as it does not accurately or fairly represent the merits of Plaintiff's claims given the numerous errors and deficiencies present therein.

53. In further support of Plaintiff's herein Cross-Motion to Amend, *see*, filed herewith, the Certification of Branden Gulla, Plaintiff, wherein he points out several of the factual errors contained in the presently operative Amended Complaint.

**VI.    CONCLUSION AS TO PLAINITFF'S CROSS-MOTION TO AMEND**

54. For the foregoing reasons and the legal authorities cited herein, Plaintiff's Cross-Motion to Amend should be granted and the Court should grant Plaintiff leave to file Plaintiff's Second Amended Complaint as justice so requires.

                                            Respectfully submitted,

                                            LENTO LAW GROUP, P.C.

DATED: February 16, 2023

                                            Joseph Cannizzo Jr., Esquire
                                            AL State Bar No. 3584O57X

LENTO LAW GROUP, P.C.
Chase Corporate Center
1 Chase Corporate Center, Suite 400
Birmingham, AL, 35244
T: (385) 485-0600 | F: (313) 992-1122
jcannizzo@lentolawgroup.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on February 16, 2023, I served the foregoing upon all parties herein by filing copies of same using the United States District Court for the Northern District of Illinois' CM/ECF filing system.

Respectfully submitted,

LENTO LAW GROUP, P.C.

DATED: February 16, 2023

_____
Joseph Cannizzo Jr., Esquire
AL State Bar No. 3584O57X
LENTO LAW GROUP, P.C.
Chase Corporate Center
1 Chase Corporate Center, Suite 400
Birmingham, AL, 35244
T: (385) 485-0600 | F: (313) 992-1122
jcannizzo@lentolawgroup.com
*Attorney for Plaintiff*