IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDEN GULLA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHICAGO STATE UNIVERSITY, et al. ) <br> ) <br> Defendants. ) | Case No. 1:22-cv-4425 <br><br> Honorable Andrea R. Wood |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO AMEND COMPLAINT**

Plaintiff filed his original complaint on August 18, 2019 (Doc. 1), and Defendants timely moved to dismiss the complaint in its entirety on October 28, 2022 (Docs. 15, 16). Rather than responding to the Motion to Dismiss, Plaintiff then filed his First Amended Complaint (cited herein as "FAC") without seeking Defendants' consent or leave of the Court. (Docs. 19, 20). Despite this procedural deficiency, Defendants consented to the filing of the First Amended Complaint and the Court granted Plaintiff leave to do so. (Docs. 21, 22). Defendants then again timely moved to dismiss the amended complaint in its entirety. (Docs. 24, 25). Plaintiff then filed the instant "Opposition to Defendants' Motion to Dismiss and Notice of Cross-Motion to Amend Plaintiff's Complaint Pursuant to F.R.C.P. 15(a)" (Doc. 33), with an accompanying "Brief in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiff's Cross-Motion to Amend" (hereinafter, "Opposition Brief"; cited herein as "Opp.") (Doc. 34); therein, he conceded that certain of his claims cannot survive dismissal, argued without providing any legal support that other claims should survive, *and* sought leave from this Court to file a Second Amended Complaint (cited herein

1

as "SAC"). For the reasons that follow, Defendants' Motion to Dismiss should be granted and Plaintiff's motion for leave to file a Second Amended Complaint should be denied.

> I. **Plaintiff's First Amended Complaint Should Be Dismissed With Prejudice**

Plaintiff's Opposition Brief fails to save any of his claims. Dismissal should be with prejudice, as Plaintiff's First Amended Complaint is "redundant, immaterial, or unresponsive" to the deficiencies identified in Defendants' initial motion to dismiss, *see Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir. 2002); *see also Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013), and Plaintiff's Opposition Brief fails to address several key arguments supporting dismissal, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

> **A. Count I Fails to State a Claim Under the Rehabilitation Act or ADA.**

Although Plaintiff correctly concedes that Count I cannot be brought against the Individual Defendants, he improperly asserts that Defendants do not contest the assertion of these claims against CSU. Opp. ¶ 21. In their supporting Memorandum (cited herein as "Mem.") (Doc. 25), Defendants argue that not only is CSU entitled to sovereign immunity under the ADA, but also that Plaintiff has failed to plead the requisite elements of an ADA or Rehabilitation Act claim with respect to *any* Defendant. Mem. 4-8. Defendants clearly asserted that Plaintiff is not otherwise qualified, nor was Plaintiff excluded on the basis of his disability. Plaintiff has failed entirely to even acknowledge these arguments, much less distinguish the precedential legal authority put forward by Defendants or offer his own arguments. *See* Mem. 5. The Seventh Circuit has held that "failure to respond to an argument […] results in waiver." *Bonte*, 624 F.3d at 466 (7th Cir. 2010) (affirming dismissal of complaint where plaintiffs failed to respond to arguments in motion to dismiss); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (holding that "a person waives an argument by failing to make it before the district court," and that the rule also

applies "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."). As such, Plaintiff effectively concedes that he has not met at least two necessary elements of his claims. The same rationale applies to Plaintiff's failure to address sovereign immunity. *See* Mem. 4, n. 4 (citing *Brewer v. Wis. Bd. of Bar Exam's*, 270 Fed. App'x 418, 421 (7th Cir. 2008)). For these reasons, Count I should be dismissed with prejudice.

### B. Counts II and III Fail to State Claims Under the United States Constitution.

As a preliminary matter, in his Opposition Brief Plaintiff asserts that Counts II and III were brought against CSU pursuant to 42 U.S.C. § 1983 and concedes that both are improper because CSU is not a "person" within the meaning of § 1983. Opp. ¶¶ 22-24. The Parties thus agree that Counts II and III should be dismissed. Such dismissal should *not* be with leave to amend, however, as Plaintiff does not even attempt to address key grounds for dismissal. Plaintiff fails entirely to address that in his Memorandum, Defendants explained at length that Plaintiff's First Amended Complaint, like his original complaint, failed to state an actionable Equal Protection claim or an actionable Due Process claim. Mem. 9-12. He also failed to address Defendants' arguments regarding qualified immunity. *See id.* at 8-9. To the extent that Plaintiff's concession alone is not reason to dismiss Counts II and III in their entirety, his failure to respond to *any* arguments supporting dismissal of Counts II and III set forth in Defendants' Memorandum means that he has waived any opposition and, as such, the Court should dismiss Counts II and III with prejudice. *See Bonte*, 624 F.3d at 466 ("identifying the 'factual and legal basis' of [plaintiff's] claim does little to save them from dismissal when [defendant] has painstakingly explained precisely why that factual basis, taken as true, does not in fact warrant the requested relief"); *Walsh v. Arrow Fin. Servs.*, No. 10 C 6829, 2012 WL 255802 at *3 (N.D. Ill. Jan. 27, 2012) (dismissing plaintiff's claim with prejudice because she failed to reference or defend it.).

### C. Count IV Fails to State a Claim under the Illinois Constitution.

In his Opposition Brief, Plaintiff alleges that Count IV was brought for deprivation of a liberty interest without due process in violation of the Illinois Constitution. Opp. ¶¶ 25-26. Quite illustrative of the deficiencies in Plaintiff's First Amended Complaint, Count IV actually states that "individual defendants have acted in excess of their authority . . . and breached the obligations of their office" and "defendants by such acts have also unlawfully violated his rights under the due process and equal protection clauses of Article I, Section 2 of the Illinois Constitution." FAC ¶ 22. This provision of the Illinois Constitution states, "no person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the law," Ill. Const. art. I, § 2, and as such, Defendants argued that Counts II – IV failed to state claims for violations of due process or equal protection under the state or federal constitutions. Mem. 8-12; *see also id.* at 8 (quoting *Akbar v. Daley*, No. 09-CV-1289, 2009 WL 3055322, at *3 (N.D. Ill. Sept. 18, 2009) ("federal and Illinois equal protection claims are co-extensive and evaluated under the same standard")); *see also Lewis v. Spagnolo*, 710 N.E.2d 798, 812 (Ill. 1999) (although "the scope of [the Illinois'] constitution's due process guarantee" is "construe[d] independently," "federal precedent interpreting the federal due process clause is useful as a guide in interpreting the Illinois provision"). However, Plaintiff now baldly asserts that although Count IV contains "ambiguities" and "does not explicitly state against which Defendant this cause of action was raised," he "nonetheless has sufficiently plead enough facts to state a claim to relief that is plausible on its face, per *Twombly*, supra." Opp. at ¶ 27. He—again—provides *no* legal authority for this assertion.

As a preliminary matter, courts have repeatedly held that "Plaintiffs must identify which claims are asserted against which defendant." *Stanek v. Saint Charles Cmty. Unit. Sch. Dist.*, No. 13-CV-3106, 2017 WL 5971985, at *9 (N.D. Ill. Dec. 1, 2017); *see also Talley v. Butler*, No. 14-

cv-976-JPG, 2014 WL 12914811 at *2 (S.D. Ill. Sept. 30, 2014). Plaintiff's Count IV—like his other counts—is thus deficient.

Most significantly, however, Defendants argued at length in their Memorandum that Counts II-IV, which ambiguously purported to bring claims for violations of equal protection and due process under the U.S. and Illinois constitutions, failed to meet the pleading requirements to state an actionable claim. Mem. 9-12. Plaintiff failed entirely to address these arguments.

Plaintiff's mere reference to *Twombly*, Opp. ¶ 27 (referring to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)) cannot save his state constitutional claim. Plaintiff does not distinguish *any* of the legal authority cited by Defendants regarding what must be—and was not—alleged to state an actionable due process or equal protection claim. *See* Mem. at 9-12. At the risk of sounding like a broken record, his failure to respond to the arguments supporting dismissal of Count IV means that he has waived any opposition and, as such, the Court should dismiss Counts IV with prejudice. *See Bonte*, 624 F.3d at 466; *Walsh*, 2012 WL 255802 at *3.

### D. Counts V-VII Should Be Dismissed for Lack of Jurisdiction.

In their Memorandum, Defendants explained that pursuant to the State Lawsuit Immunity Act, 745 ILCS 5/1, the State and individual state employees acting in their official and individual capacities are immune from suit in any court, except as provided in the Court of Claims Act. Mem. 12 (citing 705 ILCS 505/8 (Court of Claims has exclusive jurisdiction to hear all claims against the State founded upon any contract or sounding in tort); *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001) ("claim against individual officers will be considered against the state, even when . . . the officials are sued in their individual capacities" if the claim is actually against the State) (internal quotations omitted)). Plaintiff fails to address the lack of jurisdiction to bring these state law claims and thus concedes them. *Bonte*, 624 F.3d at 466. As such, Counts V-VII should be

dismissed with prejudice. *See Shirley v. Harmon*, 405 Ill. App. 3d 86, 90 (Ill. App. 2010) (affirming dismissal for lack of subject matter jurisdiction pursuant to Court of Claims Act).

### E.  Counts V-VII Should be Dismissed for Failure to State a Claim.

To the extent the Court disagrees that it lacks jurisdiction over the claims set forth in Counts V-VII, it should dismiss such claims for failure to state any actionable state law claim.

#### i.  Count V Fails to State a Breach of Contract Claim.

Defendants argued that Count V should be dismissed against the Individual Defendants because there are no allegations that Plaintiff entered into a contractual relationship with them, and against CSU because Plaintiff failed to plead the existence of an enforceable contract, failed to plead breach of that contract, and failed to plead arbitrary and capricious conduct. Mem. 12-14. Plaintiff's Opposition Brief does not save his claim.

First, although Plaintiff properly concedes that his breach of contract claim cannot stand against the Individual Defendants, he incorrectly asserts that it is permissible against CSU. *See* Opp. ¶¶ 28-30. After remaining silent as to Defendants' substantive arguments regarding dismissal of Counts I-IV, Plaintiff at least acknowledges the Defendants' arguments regarding Count V. In disagreeing with Defendants' points, however, Plaintiff relies only on his own say-so, failing entirely to cite any legal authority. For example, Plaintiff attempts to argue that the *Student Handbook* and the *Honor Code* contained therein are a contract. Opp. ¶ 31. However, as explained in the Memorandum, "the *Student Handbook* specifically states, '[t]his policy is neither a contract nor an offer to enter into a contract,' and as such, cannot support a breach of contract claim." Mem. 13 (citing *Packer v. Trs. of Ind. Univ. Sch. of Med.*, 73 F. Supp. 3d 1030, 1041 (S.D. Ind. 2014), *aff'd*, 800 F.3d 843 (7th Cir. 2015)). Plaintiff fails to cite *any* case law to support his allegation that a document which expressly states it is not a contract *still* constitutes a contract—because, of course, he cannot. *See, e.g., Packer*, 73 F. Supp. 3d at 1041 (finding that plaintiff could not rely

6

on an Academic Handbook for her breach of contract claim "because the Academic Handbook explicitly disclaims any creation of contract"). Likewise, Plaintiff fails to address that the *Honor Code* does not apply to faculty and therefore does not support his claim. *See* Mem. 13.

Furthermore, Plaintiff alleges that "it is quite clear" that he pled Defendants were "regularly arbitrary and capricious," and that CSU failed to act in good faith "by failing to abide by its own policies." Opp. ¶ 32. Plaintiff cites no part of the First Amended Complaint to support his conclusory assertion, instead stating that because he pled that "CSU has a Honor Code policy" which has a provision containing the word "arbitrarily," *see* FAC ¶ 36, he has somehow pled that Defendants acted arbitrarily. Opp. ¶ 33. Not only can Plaintiff not amend his complaint through a response brief, *see Smith v. Union Pac. R. Co.*, 474 Fed. App'x 478, 480 (7th Cir. 2012), but also this allegation simply is not sufficient to plead arbitrary and capricious conduct. *See* Mem. 14; *see Raethz v. Aurora Univ.*, 805 N.E.2d 696, 733 (7th Cir. 2004) (breach of a handbook cannot constitute "*per se* arbitrary and capricious conduct"); *DiPerna v. Chi. Sch. of Pro. Psych.*, 893 F. 3d 1001, 1008 (7th Cir. 2018) (decision is only arbitrary and capricious "if it was made without a rational basis."). For these reasons, Count V should be dismissed with prejudice.

### ii. Count VI Fails to State a Negligence Claim.

As explained by Defendants previously, Plaintiff cannot premise his negligence claims on an alleged breach of duty based on allegations that (1) Individual Defendants Jenkins and Shah were negligent in "[e]valuating Plaintiff's examination," FAC ¶ 124; (2) Individual Defendants Rose and Reddy were negligent in "follow[ing] policy and procedures in grievance procedure" and "dismissal procedure," *id.* ¶ 125; and (3) Defendant CSU was negligent in "ensur[ing] Plaintiff's contractual education services were being provided as per the terms of the contract" and "assist[ing] Plaintiff after being informed of the [I]ndividual Defendant's negligence," *id.* ¶ 126. A negligence claim cannot be premised on claims of educational malpractice or duties allegedly

imposed by rules of internal guidelines. Mem. 14-15 (citing *Waugh v. Morgan Stanley*, 966 N. E. 2d 540, 554 (2012); *Rhodes v. Ill. Cent. Gulf R.R.*, 665 N.E.2d 1260, 1272 (Ill. 1996)).

Plaintiff does not address the argument (which Defendants supported with legal precedent) that internal guidelines do not create a duty. He has thus apparently conceded this argument. *See Bonte*, 624 F.3d at 466; *Walsh*, 2012 WL 255802 at *3. Plaintiff focused on attempting to save his claims against CSU and Individual Defendants Jenkins and Shah by arguing that Count VI is premised on a "duty of reasonable care," Opp. ¶ 34 (internal quotations omitted), and is not an "educational malpractice" claim because it does not "pertain[] to the quality of instruction," *id.* ¶ 35 (citing *Waugh*, 966 N.E.2d at 553). Curiously, Plaintiff omits the entirety of the relevant test: the Illinois Appeals Court wrote, "If a claim raises questions about the reasonableness of an educator's conduct in providing educational services, or if a claim requires an analysis of the quality of education, it is a claim for educational malpractice." *Waugh*, 966 N.E.2d at 549. Negligence claims cannot be based on educational malpractice. *Id.* at 548. Plaintiff offers no legal authority to support his argument that his claims do not fit within the definition offered by *Waugh*. However, a plain reading of Count VI supports the interpretation that, when alleging that Jenkins and Shah were negligent in "[e]valuating Plaintiff's examination," FAC ¶ 124, or CSU was negligent in "ensur[ing] Plaintiff's contractual education services were being provided as per the terms of the contract," *id.* at ¶ 126, Plaintiff is undoubtedly raising questions about the reasonableness of the Defendants' "conduct in providing educational services," *see Waugh*, 966 N.E.2d at 549. As such, Count VI should be dismissed with prejudice.

### iii. Count VII Should be Dismissed for Failure to State a NEID claim.

Plaintiff misunderstands the requirements for pleading a negligent infliction of emotional distress ("NIED") claim in Illinois. An NIED claim only lies where there is also, in addition to the

8

alleged emotional distress, "an allegation of contemporaneous physical injury or impact." *Schweihs v. Chase Home Fin.*, 77 N.E.3d 50, 57 (Ill. 2016). Plaintiff alleges that "emotional distress," "worry," "humiliation," mental anguish," "anxiety," and "depression" all constitute physical impact, Opp. ¶ 40, but precedent universally rejects Plaintiff's allegations. *See Schweihs*, 77 N.E.3d at 56, 62 (allegations of insomnia, post-traumatic stress, anxiety, and depression do not satisfy the "physical impact" requirement); *Marsden v. Kishwaukee Comm. Coll.*, 572 F. Supp. 3d 512, 531 (N.D. Ill. 2021) (dismissing NIED claim premised on "humiliation" leading to "severe physical injury"); *Doe v. Loyola Univ. of Chi.*, No. 18 C 7335, 2019 WL 3801819 at *4 (N.D. Ill. Aug. 13, 2019) ("contention that physically manifested emotional distress is a 'physical injury' ... is foreclosed by Illinois law"). Therefore, Count VII should be dismissed with prejudice.

II. **Plaintiff's Motion for Leave to File a Second Amended Complaint Should Be Denied.**

Although leave to amend should be "freely given when justice so requires," here, the record supports dismissal of Plaintiff's First Amended Complaint with prejudice and denial of Plaintiff's request to file a third complaint. *See Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991) (affirming denial of plaintiff's request to file a third amended complaint); Fed.R.Civ.P. 15(a). As a preliminary matter, Rule 15 states that "[a] party may amend its pleading *once* as a matter of course" and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a) (emphasis added). This Court's Case Procedures clearly state that parties "whenever possible should confer with each other before the filing of any motion."[1] Plaintiff did not contact Defendants' counsel at all about this proposed

---

[1] This Court's case procedures are available at https://www.ilnd.uscourts.gov/judge-info.aspx?BXN5dcjmkL3ZqHn5xeJqYA==. Of note, Plaintiff captioned his Second Amended Complaint and Jury Demand as being filed with Judge Kathleen Cardone, who presides over the U.S. District Court for the Western District of Texas, and with the wrong case number. Doc. 34-1. His filings at Docs. 33, 34, and 34-2 appear to be properly captioned.

9

amendment. Plaintiff also failed to confer with Defendants' counsel the last time he sought to amend his complaint. *See* Doc. 20. Given that Plaintiff has twice failed to confer with Defendants' counsel regarding the filing of an amended complaint, this procedural error should not be forgiven.

More significantly, however, "leave is inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the Amendment." *Villa*, 924 F.2d at 632. Here exist *at least* three of these elements: Plaintiff's proposed amendment is futile; Plaintiff has twice failed to cure the deficiencies in his initial complaint; and these repeated, futile amendments are causing undue prejudice to Defendants.

### A. Plaintiff's Second Amended Complaint is Futile.

The Seventh Circuit has found that "district courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Cap. Mgmt.*, 721 F.3d 865, 869 (7th Cir. 2013). In addition, "a court may determine that a proposed amendment is futile if it sets forth facts or legal theories that are redundant, immaterial, or unresponsive to the allegations in the complaint." *Campania Mgmt. Co.*, 290 F.3d at 850. Here, Plaintiff's proposed amendments will not enable his pleading to survive a motion to dismiss and, therefore, should not be permitted.

In amending his ADA and Rehabilitation Act claims in Count I, Plaintiff now alleges that he was entitled to an accommodation of "double the test time" but was only provided "time and a half." SAC ¶ 49. Critically, he does not tie this allegation to his repeated failures to pass the class or his ultimate dismissal from the University. Instead, he continues to allege that he was given "a failing grade on the examination due to not writing out calculations within the ExamSoft software."

10

*See id.* at ¶ 52. And, although Plaintiff now alleges that "yelling" and "inappropriate" statements from Defendant Jenkins "severely triggered [his] ADHD symptomology" and that he "would have performed better on [his] exams" if not for that conduct, he also specifically concedes—in direct contradiction to his prior complaints—that this conduct was *not* directed at him. *Id.* at ¶¶ 43, 123; Pls. Cert. ¶ 7.[2]

Furthermore, Plaintiff has added a *respondeat superior* claim and a negligence *per se* claim, SAC ¶¶ 240-242, 243-249, and (inadequately) revised some of his allegations of fact. "Where a party 'seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the amendment will be denied.'" *Lock Realty Corp. IX*, 2008 WL 11391254 at *2 (quoting *In re Ameritech Corp.*, 188 F.R.D. 280, 284 (N.D. Ill. 1999)); *see also A. Cherney Disposal Co. v. Chi. & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975) (undue prejudice can be found where "the amendment brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint").

Plaintiff continues to take a scattershot approach to his claims, apparently hoping the Court ignores the internal inconsistencies and allows him to procced with whichever legal theory is best. Even if Plaintiff *were* to allege some act of discrimination (which he has not), he nonetheless has failed to plead that he was otherwise-qualified. As a result, Plaintiff's additional proposed amendment of Count I is futile. *See, e.g, Thurmon v. Mt. Carmel High Sch.*, 191 F. Supp. 3d 894, 898-99 (N.D. Ill. 2016) (dismissing claim where there was "simply no suggestion" plaintiff's

---

[2] Plaintiff alleges that Defendant Jenkins had reason to know that shouting would trigger Plaintiff's ADHD, SAC ¶¶ 43, 123, but the Accommodation Letter he filed (SAC Ex. A, at PageID No. 224), shows that the only information faculty had about Plaintiff's disability was that he was to receive extended time.

"disability was connected to any of Defendants' conduct or that Defendants' alleged failure to accommodate the disability was unreasonable or resulted in denying [Plaintiff] equal benefits.").

In Count II, Plaintiff attempts to premise a § 1983 claim based upon an alleged violation of the ADA and Rehabilitation Act (rather than, as previously alleged, on constitutional violations). *See* SAC ¶¶ 136-174. Section 1983 actions, however, cannot "be based on purely statutory violations of federal law" "when the statute at issue explicitly forecloses such enforcement or provides such a comprehensive remedial scheme that it is implied that the statute itself is the exclusive remedy," as is the case for the ADA and Rehabilitation Act. *See Krocka v. Bransfield*, 969 F. Supp. 1073, 1090 (N.D. Ill. 1997); *see also Silk v. City of Chi.*, No. 95 C 0143, 1996 WL 312074, at *19 (N.D. Ill. June 7, 1996).[3] Thus, Count II is futile.

Plaintiff's proposed amended state law claims (Counts III – VII of his Second Amended Complaint) are likewise doomed. First, Plaintiff's proposed amendments fail to acknowledge that such claims can only be brought against CSU in the Court of Claims, *see* Mem. 12, and therefore any amendment to those claims in this Court is futile. Secondly, Plaintiff fails to meet even the pleading standard for such claims. With respect to his breach of contract claim, Plaintiff references CSU's *Diversity and Equal Opportunity Policy Statement* but fails to explain how such a policy is a contract. SAC ¶ 191. Plaintiff also *again* references CSU's *Student Handbook*, which specifically states, "[t]his policy is neither a contract nor an offer to enter into a contract," and as such, cannot support a breach of contract claim. *See* Mem. 13. Furthermore, Plaintiff not only fails to identify a contract, but also fails to plead, beyond a conclusory assertion, that Defendant CSU behaved in an arbitrary and capricious manner. SAC ¶ 202. In his negligence claims (Counts IV – VI),

---

[3] *But see McMorris v. City of Chi.*, No. 11 CV 6117, 2012 WL 4793506, at *2 (N.D. Ill. Oct. 9, 2012) ("It is unclear whether a section 1983 claim based on violations of the ADA is cognizable since neither the Seventh Circuit Court of Appeals nor the Supreme Court has addressed [it]").

Plaintiff's premise of duty is expressly not permitted by Illinois law. *See e.g.*, *Stockberger v. U.S.*, 225 F. Supp. 2d 949, 966 (S.D. Ind. 2002) (finding that "a duty was not created by the Rehabilitation Act of 1973"); *Rhodes*, 665 N.E.2d at 1272 ("where the law does not impose a duty, one will not generally be created by a defendant's rules or internal guidelines"); *Waugh*, 966 N. E. 2d at 554 (educational malpractice claims "are not cognizable in Illinois"); *Test Drilling Service Co. v. Hanor Co.*, 322 F. Supp. 2d 957, 963-964 (C.D. Ill. 2003) (violation of a statute is not negligence *per se* unless the Illinois legislature imposed strict liability in tort for violating the statute). Finally, Plaintiff's proposed amended NIED claim is futile, as Plaintiff continues to rely solely on a non-physical injury or impact. *See Schweihs*, 77 N.E.3d at 57. Because Plaintiff's proposed Second Amended Complaint cannot withstand a motion to dismiss, amendment is futile.

**B. Plaintiff's Previous Amendment Also Failed to Remedy the Deficiencies in his Complaint.**

Plaintiff has been on notice of the fundamental deficiencies in his original complaint since October 28, 2022 by virtue of the Defendants' initial motion to dismiss. Docs. 15, 16. Despite previously being granted leave to amend his complaint, he failed to address those shortcomings. His similarly futile request to amend the complaint again should be denied because the repeated failure to cure the deficiencies despite being offered opportunity to amend, is grounds to deny leave to amend. *See Alioto*, 651 F.3d at 720; *Villa*, 924 F.2d at 632.

Here, Plaintiff has *twice* sought to file an amended complaint after reviewing the Defendants' pending motions to dismiss. The Seventh Circuit has considered similar procedural circumstances and held that denial of leave to amend was appropriate. In *Alioto*, the plaintiff argued after review of the defendants' motions to dismiss that he should be given leave to amend because "he had no reason to know that his complaint was deficient until the defendants filed their motions to dismiss the complaint." 651 F.3d at 720. The Court held that this explanation was

insufficient, as "[t]he requirements for surviving a motion to dismiss are matters of hornbook civil procedure law, and a party should always ask itself whether the complaint it wants to file sets out a viable claim." *Id.* Filing a motion for leave to file an amended complaint rather than a response brief is a "briefing gambit" which need not be entertained by the court. *See id.* at 721. Although Plaintiff here filed a response, as discussed above, he entirely failed therein to address multiple arguments raised by the Defendants as to why his Complaint must be dismissed.

The matter before this Court is likewise similar to *Villa*, in which the Seventh Circuit affirmed denial of leave to file a third amended complaint where there was "repeated failure to cure the deficiencies by amendments previously allowed" and "no new facts or changes in the law warranted the filing of an amended complaint, other than the fact that [the plaintiff] was represented by a new attorney." *See* 924 F.2d at 632. Like in *Villa*, Plaintiff's motion for leave to amend should be denied on these grounds. Plaintiff should not be permitted to amend his complaint a second time simply because he hired a new attorney. In his "Certification" (cited herein as "Pls. Cert.") (Doc. 34-2), Plaintiff alleges a variety of deficiencies in his original and amended complaints, attributing those to failures of his previous attorney; however, the consequences of his counsel selection should not be permitted to prejudice and burden Defendants. *See, e.g.,* Pls. Cert. ¶¶ 4, 7-9, 12-14, 17. Furthermore, as discussed above, Plaintiff's new counsel has prepared a similarly defective proposed second amended complaint. Moreover, courts in this District have denied leave to amend when it is premised on the failure of a former lawyer to act diligently on the plaintiff's behalf. *See, e.g, Waller v. Sheldon Good & Co.*, No. 02 C 6122, 2004 WL 421735 at *1 (N.D. Ill. Feb. 19, 2004) (denying leave to amend); *U.S. v. Alacran Contracting*, No. 10 CV 50067, 2014 WL 5461391 at *5 (N.D. Ill. Oct. 27, 2014) (same). "If [Plaintiff] truly feels []he was inadequately represented, the proper remedy is to file a malpractice suit, not to amend h[is]

14

Complaint." *See Waller*, 2004 WL 421735 at *1. This principle should be especially true where Plaintiff already was granted leave to amend once and, as discussed below, his request to amend his complaint again is unduly prejudicial to Defendants.

### C. Granting Leave to Plaintiff Would Unduly Prejudice the Defendants.

Granting Plaintiff's latest request to amend his complaint also would unduly prejudice Defendants, and "[p]rejudice to the opposing party is often the most important factor in determining whether to allow an amendment to a complaint." *See Lock Realty Corp. IX v. U.S. Health, LP*, No. 3:06-CV-487RM, 2008 WL 11391254, at *3 (N.D. Ind. Dec. 1, 2008). Defendants already have expended time and resources in filing *two* motions to dismiss in this case. *See* Docs. 15, 24. CSU is a public institution and should be able to focus its resources on educating the students it serves, not repeatedly countering shifting allegations, all of which fail to state a claim. *See Muir v. U.S. Transp. Sec. Admin.*, No. 1:20-cv-01280, 2021 WL 231733, at *15 (C.D. Ill. Jan. 22, 2021) (citing decision by Arizona District Court stating, "Requiring Defendant to file a third motion to dismiss would be unfair and unduly prejudicial.").

To permit Plaintiff to file *three* complaints—none of which ultimately state an actionable claim—unduly prejudices Defendants, who, if leave to amend is granted, will have to prepare and file a third motion to dismiss.

\* \* \*

For these reasons, the Court should grant Defendants' Motion to Dismiss the First Amended Complaint and deny Plaintiff leave to further amend his complaint. Defendants respectfully request that this Court enter an order dismissing the First Amended Complaint with prejudice.

15

Respectfully submitted,

/s/ Lisa J. Parker

LISA J. PARKER
JOHN W. BORKOWSKI
MARY E. DEWEESE
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 526-1634 (TEL) | (312) 655-1501 (FAX)
lisa.parker@huschblackwell.com
john.borkowski@huschblackwell.com
mary.deweese@huschblackwell.com
***Attorney for Chicago State University***

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused the foregoing document to be filed with the Clerk of the court using the CM/ECF system to the following on this 27th day of February 2023:

Joseph Cannizzo Jr., Esq.
Lento Law Group, P.C.
Chase Corporate Center
1 Chase Corporate Center, Suite 400
Birmingham, AL 35244
Telephone: (385) 485-0600
Fax: (313) 992-1122
jcannizzo@lentolawgroup.com
*Attorney for Plaintiff*

/s/ Lisa J. Parker
***Attorney for Chicago State University***