# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**BRANDEN GULLA,**                        Case No.: 1:22-cv-04425
                                                                                 Hon. Andrea R. Wood

        *Plaintiff,*

v.

**CHICAGO STATE UNIVERSITY, et. al.,**

        *Defendants.*

---

**<u>OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CHARGING LIEN</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

ARGUMENT ......................................................................................................................1

CONCLUSION ...................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Brazil v. City of Chicago*, 315 Ill. App. 436, 43 N.E.2d 212, 1942 Ill. App. LEXIS 890 (Ill. App. Ct. 1942).................................................................................4, 5

*Cristini v. City of Warren*, 30 F.Supp.3d 665, 669-70 (E.D. Mich. 2014) ................2

*Fair Hous. Ctr. of Metro. Detroit v. Iron St. Props., LLC,* No. 16-CV-12140, 2019 U.S. Dist. LEXIS 191625, at *9 (E.D. Mich. Nov. 5, 2019).............................2, 3

*In re Estate of Callahan*, 144 Ill. 2d 32, 43-44, 578 N.E.2d 985, 161 Ill. Dec. 339 (1991) ....................................................................................................................5

*Kovitz Shifrin Nesbit, P.C. v. Rossiello*, 392 Ill. App. 3d 1059, 1065, 331 Ill. Dec. 950, 957, 911 N.E.2d 1180, 1187 (2009) .............................................................5

*Phelps v. Elgin*, J. & E. R. Co., 70 Ill. App. 2d 89, 217 N.E.2d 519, 1966 Ill. App. LEXIS 743 (Ill. App. Ct. 1st Dist. 1966).............................................................5

*Thompson v. Hiter*, 356 Ill. App. 3d 574, 581, 826 N.E.2d 503, 292 Ill. Dec. 362 (2005) ....................................................................................................................6

*Wegner v. Arnold*, 305 Ill. App. 3d 689, 693, 713 N.E.2d 247, 238 Ill. Dec. 1001 (1999) ....................................................................................................................5

**Statutes**

770 Ill. Comp. Stat. Ann. 5/1 ................................................................................4, 5

## ARGUMENT

The Law Office of Keith Altman ("KAL") was retained by Plaintiff to represent him in litigating Plaintiff's claims for violations of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, 42 U.S.C. §1983 and violation of the Article I, Section 2 of the Illinois Constitution, breach of contract, negligence, and negligent infliction of emotional distress against Chicago State University. Plaintiff was involved in the litigation process from preparing the complaint until Plaintiff discharged KAL.

Plaintiff seeks to have KAL's attorney lien stricken. The motion to strike KAL's lien is brought in bad faith. KAL undertook litigating Plaintiff's claim on a contingency basis. Plaintiff discussed the agreement with Keith Altman and multiple staff members. Plaintiff had actual knowledge of the contingency fee agreement that Plaintiff and KAL entered into and did so with clear mind. KAL acknowledges the failure to secure Plaintiff's signature on the contingency engagement agreement. While extenuating circumstances were present, it is irrelevant at this juncture. KAL did ample work in preparing Plaintiff's lawsuit for filing, filed Plaintiff's lawsuit on August 19, 2022, while continuing to litigate the present lawsuit until January 11, 2023, when Plaintiff discharged KAL from his representation. As a matter of practice, KAL keeps a stringent timekeeping record of all work done on client files.

1

Timekeeping pertaining to KAL's work on Plaintiff's claims against Chicago State University were filed with KAL's lien.

Plaintiff is a resident of the State of Michigan, KAL is a law firm located and doing business in the State of Michigan, the agreement between Plaintiff and KAL was entered into within the State of Michigan. As such, Michigan law applies.

In Michigan, if "an attorney's employment is prematurely terminated before completing services contracted for under a contingency fee agreement, the attorney is entitled to compensation for the reasonable value of his services on the basis of quantum meruit, and not on the basis of the contract, provided that his discharge was wrongful, or his withdrawal was for good cause." *Cristini v. City of Warren*, 30 F.Supp.3d 665, 669-70 (E.D. Mich. 2014); *Fair Hous. Ctr. of Metro. Detroit v. Iron St. Props., LLC,* No. 16-CV-12140, 2019 U.S. Dist. LEXIS 191625, at *9 (E.D. Mich. Nov. 5, 2019). Plaintiff sought new counsel for personal reasons absent the attorney/client relationship. Keith Altman withdrew as counsel for Plaintiff once notified that Plaintiff had retained new counsel and handed off Plaintiff's complete file to The Lento Law Group.

The court next turns to the factors appropriately considered in determining whether an attorney's fee is reasonable. These may include (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the

2

expenses incurred; and (6) the nature and length of the professional relationship with the client. In addition, the court may consider the degree of risk undertaken by an attorney who was prematurely discharged. *Fair Hous. Ctr. of Metro. Detroit v. Iron St. Props., LLC*, No. 16-CV-12140, 2019 U.S. Dist. LEXIS 191625, at *12 (E.D. Mich. Nov. 5, 2019).

Mr. Altman has practiced law in California since 2008 and Michigan since 2017, primarily in constitutional litigation. Mr. Altman is a pharmacological expert and has testified in this capacity in numerous lawsuits, including many predating his admittance to practice law.

Mr. Altman's involvement in this case included over a year of investigation and litigation. He conducted extensive pre-litigation work and filed pleadings. Plaintiff was involved in all aspects of planning of his lawsuit and worked with KAL staff at all junctures of his lawsuit, from providing factual information to discussing strategy and directing work. Mr. Altman provided detailed time records; made contemporaneously with the work he did on the case. Mr. Altman was solely responsible for building the case on behalf of Plaintiff. Further, Mr. Altman undertook a high degree of risk in representing Plaintiff under a contingency fee agreement. Under Michigan law, KAL is entitled to reasonable fees for the work that was performed on behalf of Plaintiff in good faith and in the course of representation.

3

Plaintiff's newly hired counsel states that Illinois law governs KAL's lien. KAL disagrees. However, if Illinois law applied, KAL is still entitled to the fees reported in KAL's lien.

The Attorneys' Lien Act governs attorney liens under Illinois law. The manifest purpose of the Attorneys' Lien Act is to assist attorneys in collecting their fees. 770 Ill. Comp. Stat. Ann. 5/1; *Brazil v. City of Chicago*, 315 Ill. App. 436, 43 N.E.2d 212, 1942 Ill. App. LEXIS 890 (Ill. App. Ct. 1942). Attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such suits, claims, demands or causes of action, plus costs and expenses. 770 Ill. Comp. Stat. Ann. 5/1.

To enforce such lien, such attorneys shall serve notice in writing, which service may be made by registered or certified mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action. Such lien shall attach to any verdict, judgment or order entered into and to any money or property which may be recovered, on account of such suits, claims,

4

demands or causes of action, from and after the time of service of the notice. 770 Ill. Comp. Stat. Ann. 5/1.

This section does not change the rule that the client who hires the lawyer is liable for the services of his lawyer. This section creates a lien in favor of attorneys on all claims placed in their hands for suit or collection, and requires the defendant, after due notice, to respect the lien. *Brazil v. City of Chicago*, 315 Ill. App. 436, 43 N.E.2d 212, 1942 Ill. App. LEXIS 890 (Ill. App. Ct. 1942).

Any fees to which properly discharged attorneys might be entitled for services rendered rested upon a theory of quantum meruit. *Phelps v. Elgin*, J. & E. R. Co., 70 Ill. App. 2d 89, 217 N.E.2d 519, 1966 Ill. App. LEXIS 743 (Ill. App. Ct. 1st Dist. 1966). Under the theory of quantum meruit, a court is literally to award an attorney "'as much as he deserves.'" *Wegner v. Arnold*, 305 Ill. App. 3d 689, 693, 713 N.E.2d 247, 238 Ill. Dec. 1001 (1999); *Kovitz Shifrin Nesbit, P.C. v. Rossiello*, 392 Ill. App. 3d 1059, 1065, 331 Ill. Dec. 950, 957, 911 N.E.2d 1180, 1187 (2009). A court has broad discretionary powers in awarding reasonable attorney fees and its determination is based on the evidence presented by the parties. *In re Estate of Callahan*, 144 Ill. 2d 32, 43-44, 578 N.E.2d 985, 161 Ill. Dec. 339 (1991). Although the client is liable to pay for the reasonable value of the services rendered by the attorney after discharging him, the burden of proof is on the attorney to establish the

value of his services. *Thompson v. Hiter*, 356 Ill. App. 3d 574, 581, 826 N.E.2d 503, 292 Ill. Dec. 362 (2005).

## CONCLUSION

Wherefore, upon hearing hereof, the undersigned Attorney Altman prays that this Court enter an order allowing the attorney lien to stand.

Dated: May 2, 2023             Respectfully Submitted,

*/s/ Keith Altman*
Keith Altman, Esq. (P81702)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

## CERTIFICATE OF SERVICE

I certify that on May 2, 2023, I served the foregoing Opposition to Plaintiff's Motion to Strike Charging Lien upon all parties herein by filing copies of same using the United States District Court for the Northern District of Illinois' CM/ECF filing system.

*/s/ Keith Altman*
Keith Altman, Esq.
